# EXHIBIT "1"

| Form **706** | **United States Estate (and Generation–Skipping Transfer) Tax Return** | | |
|---|---|---|---|
| (Rev. July 1998) | Estate of a citizen or resident of the United States (see separate instructions). To be filed for decedents dying after December 31, 1997, and before January 1, 1999. For Paperwork Reduction Act Notice see page 1 of the separate Instructions. | | OMB No. 1545-0015 |
| Department of the Treasury Internal Revenue Service | | | |

| **1a** Decedent's first name and middle initial (and maiden name, if any)<br>Walter S. | **1b** Decedent's last name<br>Bandurski | **2** Decedent's SSN<br>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 |
|---|---|---|
| **3a** Legal residence (domicile) at time of death (county, state, and ZIP code, or foreign country)<br>Delaware | **3b** Year domicile established<br>1933 | **4** Date of birth<br>06/04/33 | **5** Date of death<br>08/26/98 |
| **6a** Name of executor (see page 2 of the instructions)<br>Susanna Brooks | **6b** Executor's address (number and street including apartment or suite no. or rural route; city, town, or post office; state; and ZIP code) |
| **6c** Executor's social security number (see page 2 of the instructions)<br>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 | 2630 Marsh Raod<br>Wilmington, DE  19810 |

| **7a** Name and location of court where will was probated or estate administered<br>Delaware Court of Chancery, Wilmington, Delaware | **7b** Case number<br>117924 |
|---|---|

| **8** If decedent died testate, check here  ▶ X  and attach a certified copy of the will. | **9** If Form 4768 is attached, check here  ▶ X |
|---|---|

**10** If Schedule R-1 is attached, check here  ▶

| | | | |
|---|---|---|---:|
| 1 | Total gross estate less exclusion (from Part 5, Recapitulation, page 3, item 12) . . . . . . . . . . . . . . . . . | **1** | 2,868,366.10 |
| 2 | Total allowable deductions (from Part 5, Recapitulation, page 3, item 23) . . . . . . . . . . . . . . . . . | **2** | 345,513.71 |
| 3 | Taxable estate (subtract line 2 from line 1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | 2,522,852.39 |
| 4 | Adjusted taxable gifts (total taxable gifts (within the meaning of section 2503) made by the decedent after Dec. 31, 1976, other than gifts that are includible in decedent's gross estate (section 2001(b))) . . . | **4** | 0.00 |
| 5 | Add lines 3 and 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **5** | 2,522,852.39 |
| 6 | Tentative tax on the amount on line 5 from Table A on page 10 of the instructions . . . . . . . . . . | **6** | 1,037,911.77 |
| 7a | If line 5 exceeds $10,000,000, enter lesser of line 5 or $17,184,000. If line 5 is $10,000,000 or less, skip lines 7a & 7b & enter -0- on line 7c   **7a** | | |
| b | Subtract $10,000,000 from line 7a . . . . . . . . . . . . . .   **7b** | | |
| c | Enter 5% (.05) of line 7b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7c** | 0.00 |
| 8 | Total tentative tax (add lines 6 and 7c) . . . . . . . . . . . . . . . . . . . . . . . . . . . | **8** | 1,037,911.77 |
| 9 | Total gift tax payable with respect to gifts made by the decedent after December 31, 1976. Include gift taxes by the decedent's spouse for such spouse's share of split gifts (section 2513) only if the decedent was the donor of these gifts and they are includible in the decedent's gross estate (see instructions) . . | **9** | 0.00 |
| 10 | Gross estate tax (subtract line 9 from line 8) . . . . . . . . . . . . . . . . . . . . . . . . . | **10** | 1,037,911.77 |
| 11 | Maximum unified credit against estate tax . . . . . . . . . .   **11**   202,050.00 | | |
| 12 | Adjustment to unified credit. (This adjustment may not exceed $6,000. See page 7 of the instructions.) . . . . . . . .   **12**   0.00 | | |
| 13 | Allowable unified credit (subtract line 12 from line 11) . . . . . . . . . . . . . . . . . . . . | **13** | 202,050.00 |
| 14 | Subtract line 13 from line 10 (but do not enter less than zero) . . . . . . . . . . . . . . . . | **14** | 835,861.77 |
| 15 | Credit for state death taxes. Do not enter more than line 14. Figure the credit by using the amount on line 3 less $60,000. See Table B in the instructions and attach credit evidence (see instructions) . . . . . | **15** | 140,628.19 |
| 16 | Subtract line 15 from line 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **16** | 695,233.58 |
| 17 | Credit for Fed. gift taxes on pre-1977 gifts  (sec. 2012) (attach computation)   **17**   0.00 | | |
| 18 | Credit for foreign death taxes  (from Schedule(s) P). (Attach Form(s) 706-CE.)   **18**   0.00 | | |
| 19 | Credit for tax on prior transfers (from Schedule Q) . . . . . . . . .   **19**   0.00 | | |
| 20 | Total (add lines 17, 18, and 19) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **20** | 0.00 |
| 21 | Net estate tax (subtract line 20 from line 16) . . . . . . . . . . . . . . . . . . . . . . . . | **21** | 695,233.58 |
| 22 | Generation-skipping transfer taxes (from Schedule R, Part 2, line 10) . . . . . . . . . . . . . | **22** | 0.00 |
| 23 | Total transfer taxes (add lines 21 and 22) . . . . . . . . . . . . . . . . . . . . . . . . . . | **23** | 695,233.58 |
| 24 | Prior payments. Explain in an attached statement . . . . . . . . . . .   **24**   849,400.00 | | |
| 25 | United States Treasury bonds redeemed in payment of estate tax . . . .   **25**   0.00 | | |
| 26 | Total (add lines 24 and 25) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **26** | 849,400.00 |
| 27 | Balance due (or overpayment) (subtract line 26 from line 23) . . . . . . . . . . . . . . . . . . | **27** | (154,166.42) |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information of which preparer has any knowledge.

*Susanna Brooks*
Signature(s) of executor(s)        Date 11/24/99

*James R. Dallasanse*
Signature of preparer other than executor

1201 Orange Street, Suite 500
Wilmington, DE  19801
Address (and ZIP code)

Date 11/24/99

CAA   8   70S1   NTF 16081
Copyright Forms Software Only, 1996 Nelco

Form **706**

(Rev. July 1998)

Department of the Treasury
Internal Revenue Service

## United States Estate (and Generation–Skipping Transfer) Tax Return

Estate of a citizen or resident of the United States (see separate Instructions). To be filed for decedents dying after December 31, 1997, and before January 1, 1999. For Paperwork Reduction Act Notice see page 1 of the separate Instructions.

OMB No. 1545-0015

**Part 1. -- Decedent and Executor**

| | | |
|---|---|---|
| **1a** Decedent's first name and middle initial and (maiden name, if any) <br> Walter S. | **1b** Decedent's last name <br> Bandurski | **2** Decedent's SSN <br> 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 |
| **3a** Legal residence (domicile) at time of death (county, state, and ZIP code, or foreign country) <br> Delaware | **3b** Year domicile established <br> 1933 | **4** Date of birth <br> 06/04/33   **5** Date of death <br> 08/26/98 |
| **6a** Name of executor (see page 2 of the instructions) <br> Susanna Brooks | **6b** Executor's address (number and street including apartment or suite no. or rural route; city, town, or post office; state; and ZIP code) <br> 2630 Marsh Raod <br> Wilmington, DE  19810 | |
| **6c** Executor's social security number (see page 2 of the instructions) <br> 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 | | |
| **7a** Name and location of court where will was probated or estate administered <br> Delaware Court of Chancery, Wilmington, Delaware | | **7b** Case number <br> 117924 |
| **8** If decedent died testate, check here ▶ X and attach a certified copy of the will. | **9** If Form 4768 is attached, check here ▶ X | |
| **10** If Schedule R-1 is attached, check here ▶ | | |

**Part 2. -- Tax Computation**

| | | | |
|---|---|---:|---:|
| **1** | Total gross estate less exclusion (from Part 5, Recapitulation, page 3, item 12) | **1** | 2,868,366.10 |
| **2** | Total allowable deductions (from Part 5, Recapitulation, page 3, item 23) | **2** | 345,513.71 |
| **3** | Taxable estate (subtract line 2 from line 1) | **3** | 2,522,852.39 |
| **4** | Adjusted taxable gifts (total taxable gifts (within the meaning of section 2503) made by the decedent after Dec. 31, 1976, other than gifts that are includible in decedent's gross estate (section 2001(b))) | **4** | 0.00 |
| **5** | Add lines 3 and 4 | **5** | 2,522,852.39 |
| **6** | Tentative tax on the amount on line 5 from Table A on page 10 of the instructions | **6** | 1,037,911.77 |
| **7a** | If line 5 exceeds $10,000,000, enter lesser of line 5 or $17,184,000. If line 5 is $10,000,000 or less, skip lines 7a & 7b & enter -0- on line 7c     **7a** | | |
| **b** | Subtract $10,000,000 from line 7a     **7b** | | |
| **c** | Enter 5% (.05) of line 7b | **7c** | 0.00 |
| **8** | Total tentative tax (add lines 6 and 7c) | **8** | 1,037,911.77 |
| **9** | Total gift tax payable with respect to gifts made by the decedent after December 31, 1976. Include gift taxes by the decedent's spouse for such spouse's share of split gifts (section 2513) only if the decedent was the donor of these gifts and they are includible in the decedent's gross estate (see instructions.) | **9** | 0.00 |
| **10** | Gross estate tax (subtract line 9 from line 8) | **10** | 1,037,911.77 |
| **11** | Maximum unified credit against estate tax     **11**   202,050.00 | | |
| **12** | Adjustment to unified credit. (This adjustment may not exceed $6,000. See page 7 of the instructions.)     **12**   0.00 | | |
| **13** | Allowable unified credit (subtract line 12 from line 11) | **13** | 202,050.00 |
| **14** | Subtract line 13 from line 10 (but do not enter less than zero) | **14** | 835,861.77 |
| **15** | Credit for state death taxes. Do not enter more than line 14. Figure the credit by using the amount on line 3 less $60,000. See Table B in the instructions and **attach credit evidence** (see instructions) | **15** | 140,628.19 |
| **16** | Subtract line 15 from line 14 | **16** | 695,233.58 |
| **17** | Credit for Fed. gift taxes on pre-1977 gifts (sec. 2012) (attach computation)     **17**   0.00 | | |
| **18** | Credit for foreign death taxes (from Schedule(s) P). (Attach Form(s) 706-CE.)     **18**   0.00 | | |
| **19** | Credit for tax on prior transfers (from Schedule Q)     **19**   0.00 | | |
| **20** | Total (add lines 17, 18, and 19) | **20** | 0.00 |
| **21** | Net estate tax (subtract line 20 from line 16) | **21** | 695,233.58 |
| **22** | Generation-skipping transfer taxes (from Schedule R, Part 2, line 10) | **22** | 0.00 |
| **23** | Total transfer taxes (add lines 21 and 22) | **23** | 695,233.58 |
| **24** | Prior payments. Explain in an attached statement     **24**   849,400.00 | | |
| **25** | United States Treasury bonds redeemed in payment of estate tax     **25**   0.00 | | |
| **26** | Total (add lines 24 and 25) | **26** | 849,400.00 |
| **27** | Balance due (or overpayment) (subtract line 26 from line 23) | **27** | (154,166.42) |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer other than the executor is based on all information of which preparer has any knowledge.

*Susanna Brooks*

Signature(s) of executor(s)     Date 11/24/99

*James P. Dallellger*

Signature of preparer other than executor     1201 Orange Street, Suite 500 <br> Wilmington, DE  19801 <br> Address (and ZIP code)     Date 11/24/99

CAA   8   70S1    NTF 16081 <br> Copyright Forms Software Only, 1998 Nelco

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski          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

## Part 3. — Elections by the Executor

| Please check the "Yes" or "No" box for each question. (See Instructions beginning on page 3.) | Yes | No |
|---|---|---|
| 1   Do you elect alternate valuation? ........................................................ | | X |
| 2   Do you elect special use valuation? ..................................................... | | X |
|      If "Yes," you must complete and attach Schedule A-1. | | |
| 3   Do you elect to pay the taxes in installments as described in section 6166? ............... | | X |
|      If "Yes," you must attach the additional information described on page 5 of the instructions. | | |
| 4   Do you elect to postpone the part of the taxes attributable to a reversionary or remainder interest as described in section 6163? ...... | | X |

## Part 4. — General Information (Note: Please attach the necessary supplemental documents. **You must attach the death certificate.**) (See instructions beginning on page 6.)

Authorization to receive confidential tax information under Regulations section 601.504(b)(2)(i), to act as the estate's representative before the Internal Revenue Service, and to make written or oral presentations on behalf of the estate if return prepared by an attorney, accountant, or enrolled agent for the executor:

| Name of representative (print or type) | State | Address (number, street, and room or suite no., city, state, and ZIP code) |
|---|---|---|
| James P. Dalle Pazze | Delaware | |

I declare that I am [X] attorney/ [ ] cert. public accountant/ [ ] enrolled agent (you must check the applicable box) for the executor & prepared this return for the executor. I am not under suspension or disbarment from practice before the IRS & am qualified to practice in the state shown above.

| Signature | CAF number | Date | Telephone number |
|---|---|---|---|
| *James P Dalle Pazze* | 2600-45245R | 11/24/99 | 302-655-6500 |

**1**   Death certificate number and issuing authority (attach a copy of the death certificate to this return).
010862   Delaware Division of Health and Social Services

**2**   Decedent's busn. or occupation. If retired, check here ▶ [ ] and state decedent's former business or occupation.
Executive

**3**   Marital status of the decedent at time of death:

[ ] Married

[ ] Widow or widower --   Name, SSN, and date of death of deceased spouse      ▶ _____

[ ] Single

[ ] Legally separated

[X] Divorced -- Date divorce decree became final   ▶ 08/89

| 4a   Surviving spouse's name | 4b   Social security number | 4c   Amount received (see page 6 of the instructions) |
|---|---|---|
| None | | |

**5**   Individuals (other than surviving spouse), trusts, or other estates who receive benefits from the estate (do not include charitable beneficiaries shown in Schedule O) (see inst.). For Privacy Act Notice (applicable to individual beneficiaries only), see the Instructions for Form 1040.

| Name of individual, trust, or estate receiving $5,000 or more | Identifying number | Relationship to decedent | Amount (see inst.) |
|---|---|---|---|
| Walter S. Bandurski, Jr. | | Son | 37,512.98 |
| Michael J. Bandurski | | Son | 371,389.20 |
| Donald R. Benson | | Friend | 150,000.00 |
| Walter Bandurski Family Trust | 52-6934351 | Grantor Trust | 1,965,030.59 |

| All unascertainable beneficiaries and those who receive less than $5,000 ........................ ▶ | 0.00 |
|---|---|

| Total ...................................................................... | 2,523,932.77 |
|---|---|

| Please check the "Yes" or "No" box for each question. | Yes | No |
|---|---|---|
| 6   Does the gross estate contain any secton 2044 property (qualified terminable interest property (QTIP) from a prior gift or estate) (see page 6 of the instructions)? .................................................. | | X |

(continued on next page)                                 **Page 2**

CAA    8   70S2     NTF 16082
Copyright Forms Software Only, 1998 Nelco

Estate of:  Walter S. Bandurski                                     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

The following person is authorized to receive confidential tax information,
to act as the estate's representative before the Internal Revenue Service,
and to make written or oral presentations on behalf of the estate:

    James P. Dalle Pazze
    Suite 500
    1201 Orange Street
    wilmington, DE  19801
    CAF:        2600-45245R
    Telephone:  302-655-6500

Form 706 (Rev. 7-98)

## Part 4. —— General Information (continued)

| Please check the "Yes" or "No" box for each question. | Yes | No |
|---|---|---|
| **7a** Have Federal gift tax returns ever been filed? | | X |
| If "Yes," please attach copies of the returns, if available, and furnish the following information: | | |
| **7b** Period(s) covered        **7c** Internal Revenue office(s) where filed | | |
| **If you answer "Yes" to any of questions 8–16, you must attach additional information as described in the instructions.** | | |
| **8a** Was there any insurance on the decedent's life that is not included on the return as part of the gross estate? . . . . . . . . . . . . . . | | X |
| **b** Did the decedent own any insurance on the life of another that is not included in the gross estate? . . . . . . . . . . . . . . | | X |
| **9** Did the decedent at the time of death own any property as a joint tenant with right of survivorship in which **(a)** one or more of the other joint tenants was someone other than the decedent's spouse, and **(b)** less than the full value of the property is included on the return as part of the gross estate? If "Yes," you must complete and attach Schedule E . . . . . . . . . . . . . . . . . . | X | |
| **10** Did the decedent, at the time of death, own any interest in a partnership or unincorporated business or any stock in an inactive or closely held corporation? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | X | |
| **11** Did the decedent make any transfer described in section 2035, 2036, 2037, or 2038 (see the instructions for Schedule G beginning on page 9 of the separate instructions)? If "Yes," you must complete and attach Schedule G . . . . . . . . . . . . . . . | X | |
| **12** Were there in existence at the time of the decedent's death: | | |
| **a** Any trusts created by the decedent during his or her lifetime? . . . . . . . . . . . . . . . . . . . . . . . . . . . . | X | |
| **b** Any trusts not created by the decedent under which the decedent possessed any power, beneficial interest, or trusteeship? . . . | | X |
| **13** Did the decedent ever possess, exercise, or release any general power of appointment? If "Yes," you must complete and attach Schedule H . . . . . . . . . | | X |
| **14** Was marital deduction computed under transitional rule of Public Law 97-34, sec. 403 (e)(3)  (Economic Recovery Tax Act of 1981) ? . . | | X |
| If "Yes," attach a separate computation of the marital deduction, enter the amount on item 20 of the Recapitulation, and note on item 20 "computation attached." | | |
| **15** Was the decedent, immediately before death, receiving an annuity described in the "General" paragraph of the instructions for Schedule I? If "Yes," you must complete and attach Schedule I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **16** Was the decedent ever the beneficiary of a trust for which a deduction was claimed by the estate of a pre-deceased spouse under section 2056(b)(7) and which is not reported on this return? If "Yes," attach an explanation . . . . . . . . . . . . . . . . . | | X |

## Part 5. —— Recapitulation

| Item no. | Gross estate | Alternate value | Value at date of death |
|---|---|---|---|
| 1 | Schedule A -- Real Estate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 86,367.39 |
| 2 | Schedule B -- Stocks and Bonds . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 43,285.83 |
| 3 | Schedule C -- Mortgages, Notes, and Cash . . . . . . . . . . . . . . . . . . . . . | | 165,056.84 |
| 4 | Schedule D -- Insurance on the Decedent's Life (attach Form(s) 712) . . . . . . . . . . . | | 17,725.49 |
| 5 | Schedule E -- Jointly Owned Property (attach Form(s) 712 for life insurance) | | 463,889.20 |
| 6 | Schedule F -- Other Miscellaneous Property (attach Form(s) 712 for life insurance) . . | | 118,539.00 |
| 7 | Schedule G -- Transfers During Decedent's Life (attach Form(s) 712 for life insurance) | | 1,946,482.74 |
| 8 | Schedule H -- Powers of Appointment . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| 9 | Schedule I -- Annuities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 27,019.61 |
| 10 | Total gross estate (add items 1 through 9) . . . . . . . . . . . . . . . . . . . . . . . . | | 2,868,366.10 |
| 11 | Schedule U -- Qualified Conservation Easement Exclusion . . . . . . . . . . . . . . | | 0.00 |
| 12 | Total gross estate less exclusion (subtract item 11 from item 10. Enter here and on line 1 of the Tax Computation | | 2,868,366.10 |

| Item no. | Deductions | | Amount |
|---|---|---|---|
| 13 | Schedule J -- Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims . . . . . . . . | | 122,255.09 |
| 14 | Schedule K -- Debts of the Decedent . . . . . . . . . . . . . . . . . . . . . . . . . . | | 223,258.62 |
| 15 | Schedule K -- Mortgages and Liens . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0.00 |
| 16 | Total of items 13 through 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 345,513.71 |
| 17 | Allowable amount of deductions from item 16 (see the instructions for item 17 of the Recapitulation) . . . . . . . | | 345,513.71 |
| 18 | Schedule L -- Net Losses During Administration . . . . . . . . . . . . . . . . . . . | | 0.00 |
| 19 | Schedule L -- Expenses Incurred in Administering Property Not Subject to Claims . . . . . . . . . . . . . . . . | | 0.00 |
| 20 | Schedule M -- Bequests, etc., to Surviving Spouse . . . . . . . . . . . . . . . . . | | 0.00 |
| 21 | Schedule O -- Charitable, Public, and Similar Gifts and Bequests . . . . . . . . . | | 0.00 |
| 22 | Schedule T -- Qualified Family-Owned Business Interest Deduction . . . . . . . | | 0.00 |
| 23 | Total allowable deductions (add items 17 through 22). Enter here and on line 2 of the Tax Computation . . . . . | | 345,513.71 |

CAA    8 7063    NTF 16006    Copyright Forms Software Only, 1998 Nelco

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski                                    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

## SCHEDULE A -- Real Estate

- For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.
- Real estate that is part of a sole proprietorship should be shown on Schedule F.
- Real estate that is included in the gross estate under section 2035, 2036, 2037, or 2038 should be shown on Schedule G.
- Real estate that is included in the gross estate under section 2041 should be shown on Schedule H.
- If you elect section 2032A valuation, you must complete Schedule A and Schedule A-1.

| Item no. | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | 207 Taft Avenue, Lancaster Village, Wilmington, Delaware 19805; Parcel No. 07-036.10-012. Sold on September 10, 1999 in an arms length transaction to an unrelated third party. Copy of Settlement sheet attached as Exhibit _/_ . Value is net sales price unreduced by mortgage debt (debt is taken on Schedule K). | | | 86,367.39 |
| | Total from continuation schedules or additional sheets attached to this schedule . . . . . . . | | | 0.00 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 1.) . . . . . . . . . . . . . . . . . . | | | 86,367.39 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(See the instructions on page 5.)

CAA    8  70SA1   NTF 16083                              **Schedule A -- Page 4**

Copyright Forms Software Only, 1998 Nelco

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski                                                    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

## SCHEDULE B –– Stocks and Bonds

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)

| Item no. | Description including face amount of bonds or number of shares and par value where needed for identification. Give 9-digit CUSIP number. | | Unit value | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|---|---|
| | See Schedule attached | CUSIP number | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule    . . . . | | | | | 43,285.83 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 2.)  . . . . . . . . . . . . . . . . . | | | | | 43,285.83 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(The instructions to Schedule B are in the separate instructions.)                    **Schedule B –– Page 12**

CAA        **8  70SB1**        NTF 16088

Copyright Forms Software Only, 1998 Nelco

Estate of: Walter S. Bandurski                          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

SCHEDULE B -- Stocks and Bonds

| Itm No. | Description | CUSIP Number | Unit Value | Alt. Val. Date | Alternate Value | Value at Date of Death |
|---|---|---|---|---|---|---|
| 1 | 92 shares of common stock of The Equitable Companies, Inc. | | 66.63 | | | 6,129.96 |
| 2 | 48 shares of common stock of Kimberly Clark Corp. | | 47.19 | | | 2,265.12 |
| 3 | 1 share of common stock of Sunoco. | | 30.75 | | | 30.75 |
| 4 | 1,743 shares of common stock of Conectiv. | | 20.00 | | | 34,860.00 |

TOTAL. (Carry forward to main schedule) . . . . . .                    43,285.83

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski                                          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

# SCHEDULE C –– Mortgages, Notes, and Cash

(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)

| Item no. | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Core States Capital Growth Account No. 1418890973 | | | 160,408.81 |
| 2 | Core States Checking Account No. 0003880311 | | | 4,648.03 |
| | Total from continuation schedules (or additional sheets) attached to this schedule  ..... | | | 0.00 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 3.)  .................. | | | 165,056.84 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(See the instructions on page 14.)                                        **Schedule C –– Page 13**

CAA      8  **70SC1**      NTF 16089

Copyright Forms Software Only, 1998 Nelco

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski                          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

## SCHEDULE D –– Insurance on the Decedent's Life

You must list **all** policies on the life of the decedent and attach a Form 712 for each policy.

| Item no. | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | John Hancock Life Insurance Company, Policy No. 062110839 on life of decedent. | | | 6,879.45 |
| 2 | John Hancock Life Insurance Company, Policy No. 007272329 on life of decedent. | | | 8,929.17 |
| 3 | Polish National Life Insurance Company, Policy No. 02731330 on life of decedent. | | | 1,916.87 |
| | Total from continuation schedules (or additional sheets) attached to this schedule ..... | | | 0.00 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 4.) ................... | | | 17,725.49 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(See the instructions on page 16.)

CAA    **8 70SD1**    NTF 16090

Copyright Forms Software Only, 1998 Nelco

**Schedule D –– Page 15**

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski          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

## SCHEDULE E — Jointly Owned Property
(If you elect section 2032A valuation, you must complete Schedule E and Schedule A-1.)

**PART 1.** — Qualified Joint Interests -- Interests Held by the Decedent and His or Her Spouse as the Only Joint Tenants
(Section 2040(b)(2))

| Item no. | Description For securities, give CUSIP number. | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| | None | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule ..... | | | 0.00 |
| **1a** | Totals......................... | | | 0.00 |
| **1b** | Amounts included in gross estate (one-half of line 1a) ......................... | | | 0.00 |

**PART 2.** — All Other Joint Interests

**2a** State the name and address of each surviving co-tenant. If there are more than three surviving co-tenants, list the additional co-tenants on an attached sheet.

| Name | Address (number and street, city, state, and ZIP code) |
|---|---|
| **A.** Michael J. Bandurski | 578 Smyrna Landing Road Smyrna, DE 19977 |
| **B.** Donald R. Benson | 6152 Twine Hollow Raod Salem, VA 24153 |
| **C.** Barbara A. Bandurski | |

| Item no. | Enter letter for co-tenant | Description (including alternate valuation date if any) For securities, give CUSIP number. | Percentage includible | Includible alternate value | Includible value at date of death |
|---|---|---|---|---|---|
| | | See Schedule attached | | | |
| | | Total from continuation schedules (or additional sheets) attached to this schedule ..... | | ✗ | 463,889.20 |
| **2b** | | Total other joint interests ................................. | | | 463,889.20 |
| **3** | | **Total includible joint interests** (add lines 1b and 2b). Also enter on Part 5, Recapitulation, page 3, at item 5 | | | 463,889.20 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on page 18.)

**Schedule E — Page 17**

CAA   **8**  **70SE1**   NTF 16091

Estate of:  Walter S. Bandurski                                    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

SCHEDULE E, Part 2 -- All Other Joint Interests

| Item No. | Cot. Let. | Description | Percent Includ. | Includible Alt. Value | Includ. Val. Date of Death |
|---|---|---|---|---|---|
| 1 | A | 25 Cannon Run Drive, Cannonshire, Newark, Delaware 19711. Decedent's personal residence. Sold by surviving joint tenant in an arms length sale to an unrelated third party.  Copy of settlement sheet is attached as Exhibit  *2* . Value is net sales price unreduced by mortgage debt (debt is taken on Schedule K). | 100.0000% | | 142,889.20 |
| 2 | A | 517 Center Avenue NW, Roanoke, Virginia. Lot #11. Improved with small building. | 100.0000% | | 26,200.00 |
| 3 | A | 515 Centre Avenue NW, Roanoke, Virginia. Lot #12. Unimproved. | 100.0000% | | 5,200.00 |
| 4 | A | Centre Avenue NW, Roanoke, Virginia. One-half of Lot #13. Unimproved 25' strip of land | 100.0000% | | 2,600.00 |
| 5 | A | 11.71 unimproved acres; Fort Lewis Mountain, Roanoke, Virginia. Tax Parcel No. 1380478, Prop. #001. | 100.0000% | | 57,500.00 |
| 6 | B | 6152 Twine Hollow Road, Salem, Virginia 24153. 1.44 acres, improved with a single story 25' by 75' office building. Tax Parcel No.1380346. Purchased by decedent on 11/12/97 in an arms length transaction from an unrelated third party. | 100.0000% | | 150,000.00 |
| 7 | C | 2630 Marsh Road, Wilmington, Delaware 19810. Valuation per appraisal attached as Exhibit  *3* . | 50.0000% | | 79,500.00 |

TOTAL.(Carry forward to main schedule) . . . . . .                463,889.20

Form 706 (Rev. 7-98)

Estate of:  Walter S. Bandurski                                                     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

## SCHEDULE F — Other Miscellaneous Property Not Reportable Under Any Other Schedule
(For jointly owned property that must be disclosed on Schedule E, see the instructions for Schedule E.)
(If you elect section 2032A valuation, you must complete Schedule F and Schedule A-1.)

| | | Yes | No |
|---|---|---|---|
| 1 | Did the decedent at the time of death own any articles of artistic or collectible value in excess of $3,000 or any collections whose artistic or collectible value combined at date of death exceeded $10,000? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," submit full details on this schedule and attach appraisals. | | |
| 2 | Has the decedent's estate, spouse, or any other person, received (or will receive) any bonus or award as a result of the decedent's employment or death? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," submit full details on this schedule. | | |
| 3 | Did the decedent at the time of death have, or have access to, a safe deposit box? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes," state location, and if held in joint names of decedent and another, state name and relationship of joint depositor. | | |

If any of the contents of the safe deposit box are omitted from the schedules in this return, explain fully why omitted.

| Item no. | Description<br>For securities, give CUSIP number | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| 1 | Tangible personal property, being furniture and personal effects located in decedent's principal residence and his office at death.  See appraisal attached as Exhibit _4_ | | | 10,380.00 |
| 2 | 1998 Cadillac Eldorado two door.  See appraisal attached as Exhibit _4_. | | | 29,000.00 |
| 3 | 1994 Dodge Ram pickup truck.  See appraisal attached as Exhibit _4_. | | | 4,500.00 |
| 4 | 1996 Ford F150 pickup truck.  See appraisal attached as Exhibit _4_. | | | 8,000.00 |
| 5 | Decedent's 1998 US Income tax refund. | | | 3,444.00 |
| 6 | Decedent's 1998 Delaware income tax refund. | | | 5,446.00 |
| 7 | Final stockholder's distribution from Walter S. Bandurski, Inc., a Delaware corporation, dissolved in August 1997, one year prior to decedent's death. | | | 57,769.00 |
| 8 | 25% partnership interest in Four B's Realty Company, a Delaware general partnershsip. See Exhibit _5_. | | | 0.00 |
| | Total from continuation schedules (or additional sheets) attached to this schedule  . . . . . . | | | 0.00 |
| | **TOTAL. (Also enter on Part 5, Recapitulation, page 3, at item 6.)**  . . . . . . . . . . . . . . . . . . | | | 118,539.00 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(See the instructions on Page 20.)
CAA    8  70SF1    NTF 16092                                                 **Schedule F — Page 19**
Copyright Forms Software Only, 1998 Nelco

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski                                           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

## SCHEDULE G — Transfers During Decedent's Life
(If you elect section 2032A valuation, you must complete Schedule G and Schedule A-1.)

| Item no. | Description<br>For securities, give CUSIP number. | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
| A. | Gift tax paid by the decedent or the estate for all gifts made by the decedent or his or her spouse within 3 years before the decedent's death (section 2035(b)) . . . . . . . . . . . . . . . . . . . . . . . . . . . | X X X X | | |
| B. | Transfers includible under section 2035(a), 2036, 2037, or 2038: | | | |
|  | See Schedule attached | | | |
|  | Total from continuation schedules (or additional sheets) attached to this schedule   . . . . | | | 1,946,482.74 |
|  | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 7.) . . . . . . . . . . . . . . . . | | | 1,946,482.74 |

## SCHEDULE H — Powers of Appointment
(Include "5 and 5 lapsing" powers (section 2041(b)(2)) held by the decedent.)
(If you elect section 2032A valuation, you must complete Schedule H and Schedule A-1.)

| Item no. | Description | Alternate valuation date | Alternate value | Value at date of death |
|---|---|---|---|---|
|  | None | | | |
|  | Total from continuation schedules (or additional sheets) attached to this schedule   . . . . | | | 0.00 |
|  | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 8.) . . . . . . . . . . . . . . . . | | | 0.00 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)
(The instructions to Schedules G and H are in the separate instructions.)         **Schedules G and H — Page 21**
CAA     8  70SG1     NTF 16093
Copyright Forms Software Only. 1998 Nelco

Page 2

Estate of: Walter S. Bandurski                                    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

SCHEDULE G -- Transfers During Decedent's Life

| Item No. | Description | Unit val. CUSIP | Alternate Val. Date | Alternate Value | Value at Date of Death |
|---|---|---|---|---|---|
| 1 | 37,814 shares of common stock of Waste Management, Inc. | 48.91 | | | 1,849,482.74 |
| 2 | 100 shares of common stock of Virginia Container Service Corp. See Exhibit _G_ . | 970 | | | 97,000.00 |

TOTAL.(Carry forward to main schedule) . . . . . .                    1,946,482.74

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski                                                      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

## SCHEDULE I — Annuities

**Note:** Generally, no exclusion is allowed for the estates of decedents dying after December 31, 1984 (see page 13 of the instructions).

| | | Yes | No |
|---|---|---|---|
| **A** | Are you excluding from the decedent's gross estate the value of a lump-sum distribution described in section 2039(f)(2)?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| | If "Yes," you must attach the information required by the instructions. | | |

| Item no. | Description<br>Show the entire value of the annuity before any exclusions. | Alternate valuation date | Includible alternate value | Includible value at date of death |
|---|---|---|---|---|
| 1 | Mellon Bank IRA Cert No. L67586-C. | | | 3,873.65 |
| 2 | Core States IRA Cert No. 0828215. | | | 2,366.96 |
| 3 | Core States IRA Cert No. 0942956. | | | 7,433.66 |
| 4 | Core States IRA Cert No. 1246538. | | | 3,940.43 |
| 5 | Core States IRA Cert No. 5036007. | | | 3,037.64 |
| 6 | Core States IRA Cert No. 1514821. | | | 6,367.27 |
| | Total from continuation schedules (or additional sheets) attached to this schedule . . . . | | | 0.00 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 9.) . . . . . . . . . . . . . . . . | | | 27,019.61 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

**Schedule I — Page 22**                                                      (The instructions to Schedule I are in the separate instructions.)

CAA    8  70SI1    NTF 16094
Copyright Forms Software Only, 1998 Nelco

Form 706 (Rev. 7-98)

---

**Estate of:** Walter S. Bandurski                                            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

---

## SCHEDULE J –– Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims

**Note:** Do not list on this schedule expenses of administering property not subject to claims. For those expenses, see instructions for Schedule L.

If executors' commissions, attorney fees, etc., are claimed and allowed as a deduction for estate tax purposes, they are not allowable as a deduction in computing the taxable income of the estate for Federal income tax purposes. They are allowable as an income tax deduction on Form 1041 if a waiver is filed to waive the deduction on Form 706 (see the Form 1041 instructions).

| Item no. | Description | Expense amount | Total amount |
|---|---|---|---|
| | **A. Funeral expenses:** | | |
| | See Schedule attached | | |
| | | | |
| | Total funeral expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 16,971.00 |
| | **B. Administration expenses:** | | |
| 1 | Executors' commissions -- amount estimated/agreed upon/paid. (Strike out the words that do not apply.) . . . . | | 60,000.00 |
| 2 | Attorney fees -- amount estimated/agreed upon/paid. (Strike out the words that do not apply.) . . . . . . . . . . . . | | 30,000.00 |
| 3 | Accountant fees -- amount estimated/agreed upon/paid. (Strike out the words that do not apply.) . . . . . . . . . . | | 12,500.00 |

| | Miscellaneous expenses: | Expense amount |
|---|---|---|
| 4 | First Union Bank - bank charges | 594.38 |
| 5 | Jonathan's Towing | 55.00 |
| 6 | Yoder Brothers Co.- trash removal | 259.71 |
| 7 | Wik Associates - appraisal | 1,250.00 |
| 8 | Appraisal Associates - appraisal | 375.00 |
| 9 | Lorenz Associates - appraisal | 250.00 |

| | | Expense amount | Total amount |
|---|---|---|---|
| | Total miscellaneous expenses from continuation schedules (or additional sheets) attached to this schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 | |
| | Total miscellaneous expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 2,784.09 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 13.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 122,255.09 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(See the instructions on page 24.)                                              **Schedule J –– Page 23**

CAA    8   **70SJ1**    NTF 16095

Page 2

Estate of:  Walter S. Bandurski                                        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

SCHEDULE J, Part A -- Funeral Expenses

| Item No. | Description | Amount |
|---|---|---|
| 1 | Beeson Memorial Funeral Home. | 11,790.00 |
| 2 | Martine's Flowers | 525.00 |
| 3 | Lawn Croft Cemetery | 1,425.00 |
| 4 | Lloyd Memorial | 3,231.00 |

TOTAL. (Carry forward to main schedule) . . . . . .        16,971.00

Form 706 (Rev. 7-98)

**Estate of:** Walter S. Bandurski                                                    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

## SCHEDULE K –– Debts of the Decedent, and Mortgages and Liens

| Item no. | Debts of the Decedent -- Creditor and nature of claim, and allowable death taxes | Amount unpaid to date | Amount in contest | Amount claimed as a deduction |
|---|---|---|---|---|
| | See Schedule attached | | | |
| | Total from continuation schedules (or additional sheets) attached to this schedule ........................... | | | 223,258.62 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 14.) ....................................... | | | 223,258.62 |

| Item no. | Mortgages and Liens -- Description | Amount |
|---|---|---|
| | None | |
| | Total from continuation schedules (or additional sheets) attached to this schedule ........................... | 0.00 |
| | **TOTAL.** (Also enter on Part 5, Recapitulation, page 3, at item 15.) ....................................... | 0.00 |

(If more space is needed, attach the continuation schedule from the end of this package or additional sheets of the same size.)

(The instructions to Schedule K are in the separate instructions.)                          **Schedule K –– Page 25**

CAA     8  70SK1     NTF 16096
Copyright Forms Software Only, 1998 Nelco

Page 2

Estate of:  Walter S. Bandurski                                      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

SCHEDULE K, Part 1 -- Debts of the Decedent

| Item No. | Description | Amount unpaid to date | Amount in contest | Deduction amount |
|---|---|---|---|---|
| 1 | Michael J. Bandurski | | | 73,000.00 |
| 2 | Internal Revenue Service - 1997 Individual Income Taxes | | | 20,062.00 |
| 3 | Delaware Divison of Revenue - 1997 Individual Income Taxes | | | 2,907.00 |
| 4 | Internal Revenue Service - 1998 Estimated Income Taxes | | | 11,684.00 |
| 5 | Delaware Division of Revenue - 1998 Estimated Income Taxes | | | 7,836.00 |
| 6 | Dealware Atlantic Homeowners Insurance | | | 451.00 |
| 7 | New Castle County (real estate tax debt owed at death) | | | 1,382.27 |
| 8 | Home Alert Alarm Company | | | 77.85 |
| 9 | Delmarva Power & Light | | | 151.51 |
| 10 | Bell Atlantic | | | 50.10 |
| 11 | Exxon | | | 153.25 |
| 12 | United Water | | | 47.66 |
| 13 | Bell Atlantic Mobile | | | 125.41 |
| 14 | Raymond Noble, M.D. | | | 15.00 |
| 15 | Delaware Surgical Group | | | 15.00 |
| 16 | Jay Beste, M.D. | | | 10.00 |
| 17 | Pappastravos Associates | | | 15.00 |
| 18 | Christiana Care | | | 35.00 |
| 19 | Saul, Ewing, Remick & Saul, LLP | | | 6,704.50 |
| 20 | Suburban Cable | | | 12.09 |

TOTAL. (Carry forward to main schedule) . . . . . .                        124,734.64

Page 3

Estate of:  Walter S. Bandurski                                        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

SCHEDULE K, Part 1 -- Debts of the Decedent

| Item No. | Description | Amount unpaid to date | Amount in contest | Deduction amount |
|---|---|---|---|---|
| 21 | Joseph Lisinski | | | 682.86 |
| 22 | Glasgow Medical | | | 15.00 |
| 23 | Internal Revenue Service - 1997 Individual Income Taxes | | | 720.63 |
| 24 | Hemotology/Oncology, LLP | | | 15.00 |
| 25 | City of Wilmington - Taxes | | | 401.32 |
| 26 | Internal Revenue Service - 1997 tax penalty | | | 750.00 |
| 27 | Internal Revenue Service - taxes | | | 7.52 |
| 28 | US Postal Service - Express Mail | | | 13.55 |
| 29 | Delaware Division of Revenue - interest on taxes | | | 58.14 |
| 30 | Citicorp Mortgage, Inc. - Mortgage debt on 25 Cannon Run Drive, Cannonshire, Newark, Delaware 19711 reported on Schedule E, Part 2, Item 1. | | | 66,573.53 |
| 31 | CoreStates Bank (debt owed on Cadillac reported on Schedule F, Item 2. | | | 25,126.43 |
| 32 | Claim of Herdeg, du Pont & Dalle Pazze, LLP for estimated fee for legal services due for pending US Tax Court matter.  See Exhibit _7_. | 4,160.00 | | 4,160.00 |

TOTAL. (Carry forward to main schedule) . . . . . .                    98,523.98

Form 706 (Rev. 7-98)

# SCHEDULE R –– Generation–Skipping Transfer Tax

**Note:** To avoid application of the deemed allocation rules, Form 706 and Schedule R should be filed to allocate the GST exemption to trusts that may later have taxable terminations or distributions under section 2612 even if the form is not required to be filed to report estate or GST tax.

The GST tax is imposed on taxable transfers of interests in property located **outside the United States** as well as property located inside the United States.

See instructions beginning on page 17.

**Part 1. ––** GST Exemption Reconciliation (Section 2631) and Section 2652(a)(3) (Special QTIP) Election

You no longer need to check a box to make a section 2652(a)(3) (special QTIP) election. If you list qualifying property in Part 1, line 9, below, you will be considered to have made this election. See page 19 of the separate instructions for details.

| | | | |
|---|---|---|---:|
| 1 | Maximum allowable GST exemption ........................................ | 1 | $1,000,000 |
| 2 | Total GST exemption allocated by the decedent against decedent's lifetime transfers ................. | 2 | 0.00 |
| 3 | Total GST exemption allocated by the executor, using Form 709, against decedent's lifetime transfers .................................................. | 3 | 0.00 |
| 4 | GST exemption allocated on line 6 of Schedule R, Part 2 ........................ | 4 | 0.00 |
| 5 | GST exemption allocated on line 6 of Schedule R, Part 3 ........................ | 5 | 0.00 |
| 6 | Total GST exemption allocated on line 4 of Schedule(s) R-1 ...................... | 6 | 0.00 |
| 7 | Total GST exemption allocated to intervivos transfers and direct skips (add lines 2-6) ............... | 7 | 0.00 |
| 8 | GST exemption available to allocate to trusts and section 2032A interests (subtract line 7 from line 1) ................................................. | 8 | 1,000,000.00 |

9  Allocation of GST exemption to trusts (as defined for GST tax purposes):

| A<br>Name of trust | B<br>Trust's EIN<br>(if any) | C<br>GST exemption allo-<br>cated on lines 2-6,<br>above (see inst.) | D<br>Additional GST<br>exemption allocated<br>(see instructions) | E<br>Trust's inclusion ratio<br>(optional -- see<br>instructions) |
|---|---|---:|---:|---:|
| Walter Bandurski Family Trust | 52-6934351 | 0.00 | 1,000,000.00 | 0.0000% |

| | | | |
|---|---|---|---:|
| **9D Total.** May not exceed line 8, above ............................ | **9D** | 1,000,000.00 | |
| 10   GST exemption available to allocate to section 2032A interests received by individual beneficiaries (subtract line 9D from line 8). You must attach special use allocation schedule (see instructions) ......... | 10 | | |

(The instructions to Schedule R are in the separate instructions.)                                    **Schedule R –– Page 33**

CAA    8   70SR1    NTF 16101

Copyright Forms Software Only  1998 Nelco

# EXHIBIT "2"

Form **4768**

(Rev. October 1996)

Department of the Treasury
Internal Revenue Service

**Application for Extension of Time To File a Return
and/or Pay U.S. Estate
(and Generation-Skipping Transfer) Taxes**

(For filers of Forms 706, 706-A, and 706-NA)

OMB No. 1545-0181

Note: *Use Form 2758 to request an extension for Forms 706-GS(D) and 706-GS(T).*

**Part I    Identification**

| | | |
|---|---|---|
| Decedent's first name and middle initial<br>Walter S. | Decedent's last name<br>Bandurski | Date of death<br>August 26, 1998 |
| Name of executor<br>Susan Brooks | Name of application filer (if other than the executor)<br>James P. Dalle Pazze | Decedent's social security number<br>194 : 32 : 4076 |
| Address of executor            (Number, street, and room or suite no.)<br>2630 Marsh Road | | Estate tax return due date<br>May 26, 1999 |
| City, state, and ZIP code<br>Wilmington, DE 19803 | | |

**Part II    Extension of Time To File (Sec. 6081)**

| | |
|---|---|
| You must attach your written statement to explain in detail why it is impossible or impractical to file a reasonably complete return within 9 months after the date of the decedent's death. | Extension date requested<br>November 26, 1999 |

**Part III    Extension of Time To Pay (Sec. 6161)**

| | |
|---|---|
| You must attach your written statement to explain in detail why it is impossible or impractical to pay the full amount of the estate (or GST) tax by the return due date. If the taxes cannot be determined because the size of the gross estate is unascertainable, check here ▶ ☐ and enter "-0-" or other appropriate amount on Part IV, line 3. You must attach an explanation. | Extension date requested |

**Part IV    Payment To Accompany Extension Request**

| | | | |
|---|---|---|---|
| 1 | Amount of estate and GST taxes estimated to be due . . . . . . . . . . | 1 | 849,400 — |
| 2 | Amount of cash shortage (complete Part III) . . . . . . . . . . . . | 2 | -0- |
| 3 | Balance due (subtract line 2 from line 1) (Pay with this application.) . . . . | 3 | 849,400 — |

**Signature and Verification**

**If filed by executor**—Under penalties of perjury, I declare that I am an executor of the estate of the above-named decedent and that to the best of my knowledge and belief, the statements made herein and attached are true and correct.

*Susan Brooks*                *Executrix*                5/20/99

Executor's signature          Title          Date

**If filed by someone other than the executor**—Under penalties of perjury, I declare that to the best of my knowledge and belief, the statements made herein and attached are true and correct, that I am authorized by the executor to file this application, and that I am (check box(es) that applies):

☒ A member in good standing of the bar of the highest court of (specify jurisdiction) ▶ Delaware

☐ A certified public accountant duly qualified to practice in (specify jurisdiction) ▶ .................

☐ A person enrolled to practice before the Internal Revenue Service.

☐ A duly authorized agent holding a power of attorney. (The power of attorney need not be submitted unless requested.)

*James P. Dalle Pazze*                5/20/99

Filer's signature (other than the executor)          Date

**Part V    Notice to Applicant—To be completed by the Internal Revenue Service**

| 1  The application for extension of time to file (Part II) is: | 2  The application for extension of time to pay (Part III) is: |
|---|---|
| ☐ Approved | ☐ Approved |
| ☐ Not approved because ................. | ☐ Not approved because ................. |
| | |
| ☐ Other ................. | ☐ Other ................. |

| Internal Revenue Service official | Date | Internal Revenue Service official | Date |
|---|---|---|---|

For Paperwork Reduction Act Notice, see instructions on the back of this form.          Cat. No. 41984P          Form **4768** (Rev. 10-96)

# EXHIBIT "3"

HERDEG, DU PONT & DALLE PAZZE, LLP

*COUNSELORS AT LAW*

ONE COMMERCE CENTER, SUITE 500
1201 ORANGE STREET
WILMINGTON, DELAWARE 19801-1140

JOHN A. HERDEG*
JAMES P. DALLE PAZZE□
WILLIAM B. DU PONT JR.+

   *ADMITTED ALSO IN CT
□ ADMITTED ALSO IN NJ & DC
  +ADMITTED ALSO IN PA

(302) 655-6500
FAX: (302) 655-8500
www.lawyers.com/dellaw

writer's direct e-mail:
jdallepazze@dellaw.com

June 30, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**#7003 1010 0004 8724 2566**

Mertie L. Mills, Esquire
Internal Revenue Service
Estate and Gift Tax Group 1704
409 Silverside Road, Room 101
Wilmington, DE  19809

     Re:    Estate of Walter S. Bandurski
               SSN 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
               Form 843 – Claim for Refund

Dear Mertie:

     I enclose the original of Form 843, Claim for Refund and Request for Abatement of the Estate of Walter S. Bandurski, SSN 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. This is filed directly with you as you requested at the time we agreed to your adjustments and paid the tax to which this Claim relates. To protect the Estate's interests, I have also filed a copy with Internal Revenue Service Center in Cincinnati.

     Please call me when you are ready to discuss this. Thank you.

                            Very truly yours,

                            James P. Dalle Pazze

Enclosure

cc:    Internal Revenue Service Center, Cincinnati

| Form **843** | **Claim for Refund and Request for Abatement** | |
|---|---|---|
| (Rev. November 2002)<br>Department of the Treasury<br>Internal Revenue Service | ► **See separate instructions.** | OMB No. 1545-0024 |

*Form 843 only if your claim involves* **(a)** *one of the taxes shown on line 3a or* **(b)** *a refund or abatement of interest, penalties,*
~~or~~ *additions to tax on line 4a.*

**Do not** *use Form 843 if your claim is for –*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| | |
|---|---|
| Name of claimant<br>Estate of Walter S. Bandurski | Your SSN or ITIN<br>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 |
| Address (number, street, and room or suite no.)<br>2630 Marsh Road | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>Wilmington, DE 19810 | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number<br><br>302-475-4785 |

*(left margin: Type or print)*

**1** Period. Prepare a separate Form 843 for each tax period
From  DOD 8/26/98  to

**2** Amount to be refunded or abated
$  144,454.43 ✱

**3a** Type of tax, penalty, or addition to tax:
☐ Employment  ☒ Estate  ☐ Gift  ☐ Excise (see instructions)
☐ Penalty-IRC section ► _____

**b** Type of return filed (see instructions):
☒ 706  ☐ 709  ☐ 940  ☐ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ►

**Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

This claim is for estate taxes, interest, and penalties paid with respect to an asset whose value was 0 on the date of the decedent's death rather than $318, 773 as claimed by IRS. The asset is shown by IRS on Schedule F of Form 706 as Item 9, "Class Action Recovery. The factual and legal explanation of the claim is shown on the three-page Exhibit A attached to this Form 843. This claim also includes a request for refund of any amounts due as a result of any increased administrative deductions allowable to the estate for expenses incurred in pursuing this Claim.

*Plus all amounts due for interest and as a result of additional deductions for administrative expenses incurred in pursuing this Claim.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| | |
|---|---|
| *Susan Brooks Executor* | 6/30/04 |
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date |
| | |
| Signature | Date |

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**    (HTA)    Form **843** (Rev. 11-2002)

EXHIBIT A
ESTATE OF WALTER S. BANDURSKI
FORM 843 – CLAIM FOR REFUND AN REQUEST FOR ABATEMENT

Walter S. Bandurski (the "Decedent") died on August 26, 1998. During most of his adult working life he was a major stockholder and president of Walter S. Bandurski, Inc., a waste removal company (the "Corporation").

In July 1997, while the Decedent was still alive, the Corporation sold substantially all of its assets to Waste Management, Inc. Over the ensuing months, the Corporation was dissolved and liquidated. Its assets, which at that time consisted almost entirely of the Waste Management stock received upon its earlier sale of its business assets, were distributed to the stockholders in proportion to their interests, 40 percent to Mr. Bandurski, 40 percent to Barbara Bandurski (former wife of Mr. Bandurski), and 20 percent to Michael Bandurski (son of Mr. and Mrs. Bandurski).

The Decedent's federal estate tax return was timely filed on November 26, 1999.

During the course of the administration of the Decedent's estate, the Executor became aware that a class action had been filed on behalf of various Delaware waste haulers against the Delaware Solid Waste Authority for the refund of overcharges. The Corporation was not a claimant in the initial action, which had been filed in May 1999. The Corporation was added, by action of Michael Bandurski without the knowledge of the Executor, in late 1998 when a second action by additional claimants was filed. Later these two actions were consolidated. The lawsuit was settled and settlement proceeds were paid to the class members. The payment on the Bandurski claim was $899,663.03 and was split by Mrs. Bandurski's estate (40 percent), Mrs. Bandurski's estate (40 percent) and Michael Bandurski (20 percent).

Michael Bandurski became aware of the claim after the Decedent's death and was the driving force behind the prosecution of this litigation, purportedly acting on behalf of Walter S. Bandurski, Inc. and a waste removal company that Michael Bandurski owned. The Executor knew virtually nothing about this action until the settlement agreement had been reached. Walter Bandurski, the Decedent, never knew of the existence of the claim.

The original compliant by the class action plaintiff was filed in May 1998. A second class action was filed in October 1998 and Michael Bandurski caused the Corporation to be included in that action as a member of the class. This was two months after the Decedent's death. The two cases were consolidated in January 1999. They were settled in the first half of 2000. The settlement proceeds were paid in June 2000 to each of the class members, including $899,663.03 by check payable to Walter S. Bandurski (for the Corporation's three successors-in– interest).

The earliest the Executor of the Decedent's estate) had any inkling of the claim was in very late 1999 or in 2000 when Michael Bandurski told her he needed some records of the Corporation in connection with a lawsuit in which he was involved. Even that was not information about the claim because Michael Bandurski did not give the Executor any detailed explanation (this was typical) and the Executor, who was extremely loyal to the decedent and to Michael Bandurski, did not question the records request. She simply obtained the records for Michael Bandurski and delivered them to him. It is not unusual for Michael Bandurski to pursue ideas and plans that he explains only once he chooses to do so. Therefore, this request for

documents did not strike the Executor as anything unusual or anything to which she needed to pay attention.

      The Estate's position is that the value of the civil action claim is zero as of the decedent's date of death. This conclusion is based upon the requirement that the gross estate be valued as of the Decedent's date of death and not adjusted by events occurring after that date. The following is a summary of the Estate's argument.

      The long line of cases demonstrating this principle begins with <u>Ithaca Trust Co. v. United States</u>, 279 U.S. 151 (1929), where the Supreme Court held that "the value of the thing to be taxed must be estimated as of the time when the act is done [when death occurs]." <u>Id</u>. at 153. "Tempting as it is to correct uncertain probabilities by the now certain fact, we are of the opinion that it cannot be done." <u>Id</u>.

      Many cases have since relied upon this well settled rule and <u>Ithaca Trust</u> is a leading case in estate tax law and the leading case supporting the principle that date of death valuation should be used for valuing assets includable in the gross estate. It has been cited and followed in <u>Ballantine v. Tomlinson</u>, 293 F.2d 311 (5th Cir., 1961); <u>Estate of Mary Frances Smith Bright vs. United States</u>, 619 F.2d 407 (5th Cir., 1981); <u>Propstra v. United States</u>, 680 F.2d 1248 (9th Cir., 1982); <u>First National Bank of Kenosha v. United States</u>, 763 F.2d 891 (7th Cir., 1985); and <u>Estate of Pauline Welch v. Commissioner</u>, 6th Cir., No. 98-2007, March 1, 2000. In each of these cases, the ruling Court applied the leading principle of <u>Ithaca Trust</u> to reach its decision.

      Two recent cases that utilize <u>Ithaca Trust</u>'s rule and demonstrate that post-death events are not to be considered in valuing items as of a decedent's date of death. These cases are sufficiently similar to <u>Ithaca Trust</u> that they must control the result in valuing an unknown tort claim such as the civil action claim discovered in the Bandurski estates.

      In <u>Estate of May B. Bull</u>, T.C. Memo 2001-92 (April 13, 2001), Mary Bull's house burned (during her lifetime). The insurance company agreed to pay for the restoration costs of the residence if and when the restoration was completed. She died before the restoration was completed and one of the issues in dispute was whether her estate had to include as an asset the amount the insurance company ultimately paid (the restoration was completed after her death). The Tax Court ruled that, while the right to the money was known, those amounts were not to be included in her gross estate because she had no contractual right to those proceeds at her death. At the time of her death she had not finished the restoration and she had not yet taken the steps necessary to perfect her right to the funds. Therefore, she did not have any right to the money and the insurance company did not yet have the obligation to pay the proceeds. Therefore, the funds eventually paid to the Bull Estate were not to be included in Mrs. Bull's gross estate. The fact that her heirs later finished the restoration and got the insurance money did not change the result.

      In <u>Estate of Evelyn M. McMorris</u>, (10th Cir., No. 99-9031, March 20, 2001), Mrs. McMorris's estate took a deduction for income taxes (resulting from the redemption of some closely held stock) owed in the year of her death but not yet paid by the date of her death. Later the income tax owed was eliminated (and she received a refund of those income taxes) as a result of certain post death events (the settlement of an audit of an earlier joint income tax return). IRS argued her estate could not take a deduction for the income taxes owed on date of death because it eventually turned out she did not owe those income taxes. The Tenth Circuit reversed, saying it was a post death event that caused her not to owe the income taxes, that post death events are not

Exhibit A
Estate of Walter S. Bandurski Form 843
Page 3 of 3

to be considered for estate tax purposes, and that her estate is entitled to take the deduction - even though the "debt" was later eliminated.

The Decedent's case is an even stronger case for the application of the rule developed in the foregoing cases (specifically what a willing buyer would pay for this particular claim as of the Decedent's death). The case is stronger because the existence of the claim was not even known by the Decedent prior to his death. The proper question is what would a willing buyer pay for all claims of any sort, known and unknown, that the Decedent might have at the time of his death. This value must be one the willing buyer would pay given the circumstances and knowledge that existed on the date of the Decedent's death. That is, what a willing buyer would pay without knowing that any claim existed. It is clear that no buyer would pay anything for "all claims that might exist" when there is no knowledge that any do exist. In addition to this, consideration must be given to the effects that the risk of litigation, the risk of collection, the cost of litigation, and the delay in collection would have on the value of an unknown claim. Because any attempt to determine a value for this claim as the facts stood on the Decedent's death would be entirely speculative and highly unrealistic, the value of the claim must certainly be zero.