# EXHIBIT "4"

Internal Revenue Service

**Department of the Treasury**
Estate & Gift Tax Group 8
409 Silverside Road
Wilmington, DE  19809

Date: June 23, 2005

James P. Dalle Pazze, Esquire
Herdeg, Du Pont & Dalle Pazze, LLP
One Commerce Center, Suite 500
1201 Orange Street
Wilmington, DE  19801-1140

Person to Contact:  Mertie L. Mills, Esq.
Badge No. 51-00240

Telephone Number:  (302)792-6539

Fax Number:        (302)792-6504

Refer Reply To:

Re:  Estate of Walter S. Bandurski

Dear Mr. Dalle Pazze:

Enclosed is a copy of my report for the above Estate.  I am
disallowing the claim in full.  If you have any questions concerning
this report, please call.  My phone number is listed above.

I am also including a Waiver, Form 890. If you accept my findings,
please have the Waiver signed and returned to me. I have attached a
self-addressed envelope for your convenience.

At the time you return the Waiver, Form 890, please complete and
return the following items:

    1   Form 2848 - Power of Attorney and Declaration of
        Representative

    2   Form 2297 - Waiver of Statutory Notification of Claim
        Disallowance

    3   Form 3363 - Acceptance of Proposed Disallowance of Claim for
        Refund

If you and your client do not agree, please contact me.  I shall
prepare a 30 day letter.

Thank you for your cooperation.  Again, please call if you have any
questions concerning the above.

                    Sincerely yours,

                    Mertie L. Mills
                    Attorney (Estate Tax)

Encl: Report
      Waiver
      Envelope
      Other Forms, as noted
      Publication 3498

| Form 2297<br>(Rev. 3-82) (CG) | Department of the Treasury - Internal Revenue Service<br>**Waiver of Statutory Notification**<br>**of Claim Disallowance** |
|---|---|

I, _____

of            (Name, SSN or EIN)

_____
           (Number, Street, City or Town, State, ZIP Code)

**Representative of the Estate of Walter S. Bandurski**

waive the requirement under Internal Revenue Code section 6532(a)(1) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d) below.

     I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suite for refund of the claims disallows as if the notice of disallowance had been sent by certified or registered mail.

## Claims

| (a)<br>Taxable Period Ended | (b)<br>Kind of Tax | (c)<br>Amount of Claim | (d)<br>Amount of Claim Disallowed |
|---|---|---|---|
| DD:  8/26/1998 | ESTATE | 144,454.43 | 144,454.43 |

| | |
|---|---|
| If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form.  Sign your name exactly as it appears on the return.  If you are acting under power of attorney for your spouse, you may sign as agent for him or her.<br>    For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.<br>    For a partnership with excise or or employment tax liability, all partners must sign.  However, one partner may sign with appropriate evidence of authorization to act for the partnership.<br>    For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.<br>    For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign. | Your Signature<br>   \ _____<br>   / _____ (Date Signed)<br><br>Spouse's Signature If<br>A Joint Return Was<br>Filed   \ _____<br>   / _____ (Date Signed)<br><br>Taxpayer's<br>Representative<br>Sign Here \ _____<br>   / _____ (Date Signed)<br><br>Partnership/<br>Corporate<br>Name<br>_____<br><br>_____<br><br>Partnership/<br>Corporate<br>Officers<br>Sign Here   \ _____<br>   / _____<br>_____(Title)_____(Date Signed)<br><br>   \ _____<br>   / _____<br>_____(Title)_____(Date Signed) |

NOTE – Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claim.

Form 2297 (Rev. 3-82) (CG)

| Form 3363 | Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev. 11-83) (CG) | **Acceptance of Proposed Disallowance of Claim for Refund or Credit** |

Name(s), SSN or EIN, and address of taxpayer(s) (Number, Street, City or Town, State, ZIP Code)

    Estate of Walter S. Bandurski
    Social Security Number: 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
    Address or Domicile:

| Year or Period | Date Claim Filed | Kind of Tax | Amount of Claim | Amount of Claim Disallowed | Amount of Claim Allowed |
|---|---|---|---|---|---|
| 8/26/1998 | 7/ 2/2004 | ESTATE | 144,454.43 | 144,454.43 | 0.00 |
| | | | | | |
| | | | | | |

I accept the proposal of the Internal Revenue Service to disallow the claim(s) to the extent described above. This means only that I do not want the Service to consider the claim(s). It does not waive my right to file suit on the disallowance.

| | |
|---|---|
| If you file this acceptance for a joint return, both you and your spouse must sign the original and dupli- cate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her. | Your Signature _____ / _____ (Date Signed) |
| | Spouse's Signature If A Joint Return Was Filed _____ / _____ (Date Signed) |
| For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed. | Taxpayer's Representative Sign Here _____ _____ (Date Signed) |
| For a partnership with excise or or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership. | Partnership/ Corporate Name _____ _____ |
| For a person acting in a fiduci- ary capacity (executor, adminis- trator, trustee), file Form 56, Notice Concerning Fiduciary Re- lationship, with this form if not previously filed. | Partnership/ Corporate Officers Sign Here _____ / _____ (Title)        (Date Signed) |
| For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign. | _____ / _____ (Title)        (Date Signed) |

Form 3363 (Rev. 11-83) (CG)

| Form **1273** (Rev.  ) (CG) | Department of the Treasury - Internal Revenue Service **Report of Estate Tax Examination Changes** | |
|---|---|---|
| Name of Decedent  Walter S. Bandurski | Social Security Number  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 | Date of Death  8/26/1998 |
| Name of Person With Whom Findings Were Discussed: | | Agreement Secured  [ ]Yes  [x]No |

| | Shown on Return | As Corrected |
|---|---|---|
| 1. Taxable estate shown on return or as previously adjusted | | 2,912,647.50 |
| 2. Increase <decrease> in taxable estate | | 0.00 |
| 3. Taxable estate as corrected (line 1 plus (less) line 2) | | 2,912,647.50 |
| 4. Adjusted Taxable Gifts | 0.00 | 0.00 |
| 5. Total | 2,912,647.50 | 2,912,647.50 |
| 6. Tentative Tax | 1,244,503.18 | 1,244,503.18 |
| 7. Aggregate gift taxes payable (after Dec. 31, 1976) | 0.00 | 0.00 |
| 8. Subtract the amount on line 7 from the amount on line 6 | 1,244,503.18 | 1,244,503.18 |
| 9. Unified Credit against estate tax | 202,050.00 | 202,050.00 |
| 10. Adjustment to unified credit | 0.00 | 0.00 |
| 11. Subtract the amount on line 10 from the amount on line 9 | 202,050.00 | 202,050.00 |
| 12. Subtract the amount on line 11 from the amount on line 8 (not less than zero) | 1,042,453.18 | 1,042,453.18 |
| 13. Credit for State death taxes          174,312.98  Tentatively allowed  Submit evidence by (date) | 174,312.98 | 174,312.98 |
| 14. Subtract the amount on line 13 from the amount on line 12 | 868,140.20 | 868,140.20 |
| 15. Credit for Federal gift taxes on pre-1977 gifts | 0.00 | 0.00 |
| 16. Credit for foreign death taxes (Statutory) | 0.00 | 0.00 |
| 17. Credit for tax on prior transfers | 28,452.19 | 28,452.19 |
| 18. Credit for foreign death taxes (Special Treaty) | 0.00 | 0.00 |
| 19. Total Credits (add the amounts on lines 15, 16, 17, and 18) | 28,452.19 | 28,452.19 |
| 20. Net estate tax payable | 839,688.01 | 839,688.01 |
| 21. Generation-skipping transfer taxes  (Schedule R, Part 2, line 12) | 0.00 | 0.00 |
| 22. Section 4980A - increased estate taxes (Schedule S) | 0.00 | 0.00 |
| 23. Total transfer taxes  (add the amounts on lines 20, 21 and 22) | 839,688.01 | 839,688.01 |
| 24. Total transfer tax previously assessed | | 839,688.01 |
| 25. Total transfer tax - Increase <decrease>  (difference between line 23 and line 24) | | 0.00 |
| 26. Penalty previously assessed | | 0.00 |
| 27. Penalties as corrected | | 0.00 |
| 28. Net penalties - Increase <decrease>  (difference between line 26 and line 27) | | 0.00 |
| 29. Net tax and penalties payable - Increase <decrease>  (add line 25 and line 28) | | 0.00 |

| Examiner's Signature  *Mertie L. Mills*  Mertie L. Mills, Esq. | Territory & State  Delaware | Date  6/23/2005 |
|---|---|---|

| Form 3228<br>(Rev. Oct. 1980) (CG) | Department of the Treasury - Internal Revenue Service<br>**Adjustments to Taxable Estate** | Schedule |
|---|---|---|
| Estate of<br>Walter S. Bandurski | Social Security Number<br>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 | Date of Death<br>8/26/1998 |

| | | |
|---|---|---|
| 1. Gross estate reported on return | | 3,390,185.57 |
| 2. Increase <decrease> to gross estate | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| 3. Net changes to gross estate | | 0.00 |
| 4. Corrected gross estate (line 1 & line 3) | | 3,390,185.57 |
| 5. Total deductions reported on return | 477,538.07 | |
| 6. Increase <decrease> to deductions | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| 7. Net changes to deductions | 0.00 | |
| 8. Corrected total deductions (line 5 + line 7) | | 477,538.07 |
| 9. Corrected taxable estate (line 4 less line 8) | | 2,912,647.50 |

Form 3228 (Rev. 10-80)(CG)
PAGE _____

| Form 886-A<br>(Rev. April 1968)(CG) | EXPLANATION OF ITEMS | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>Estate of Walter S. Bandurski | | YEAR/PERIOD ENDED<br>8/26/1998 |

|  | Returned | Corrected |
|---|---|---|
| **Sch. F, Other Miscellaneous Property** | | |
| Item 9 - Class Action Recovery | 318,773.00 | 318,773.00 |
| Total of these items | 318,773.00 | 318,773.00 |

Section 2033 of the Internal Revenue Code provides that the value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death. The IRS determined the decedent had an interest in the cause of action and determined the fair market value of proceeds received from the class action claim filed prior to death was an includible asset of the decedent at date of death. The Estate agreed to the inclusion of the Class Action Recovery and paid the additional Estate Tax plus interest. Estate on July 2, 2004, filed a Claim for Refund in the amount of $144,454.43 which is the total net Estate tax deficiency per report of Mertie L. Mills, Estate Tax Attorney. This deficiency is a result of net changes to the gross estate of $521,819.47 and Estate is disputing changes of $318,773. The Service is disallowing the claim in full. No new evidence or legal positions have been advanced by the Estate. A copy of the Agent's Report of Estate tax Examination Changes is included which sets forth the Service's position.

| | |
|---|---|
| Amount Claimed | $144,454.43 |
| Amount Allowed | 0.00 |
| Amount Disallowed | $144,454.43 |

| Form **1273** | Department of the Treasury - Internal Revenue Service |
|---|---|
| (Rev.   )  (CG) | **Report of Estate Tax Examination Changes** |

| Name of Decedent | Social Security Number | Date of Death |
|---|---|---|
| Walter S. Bandurski | 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 | 8/26/1998 |

Name of Person With Whom Findings Were Discussed:

Agreement Secured [x]Yes   [ ]No

| | Shown on Return | As Corrected |
|---|---|---|
| 1. Taxable estate shown on return or as previously adjusted | | 2,522,852.39 |
| 2. Increase <decrease> in taxable estate | | 389,795.11 |
| 3. Taxable estate as corrected (line 1 plus (less) line 2) | | 2,912,647.50 |
| 4. Adjusted Taxable Gifts | 0.00 | 0.00 |
| 5. Total | 2,522,852.39 | 2,912,647.50 |
| 6. Tentative Tax | 1,037,911.77 | 1,244,503.18 |
| 7. Aggregate gift taxes payable (after Dec. 31, 1976) | 0.00 | 0.00 |
| 8. Subtract the amount on line 7 from the amount on line 6 | 1,037,911.77 | 1,244,503.18 |
| 9. Unified Credit against estate tax | 202,050.00 | 202,050.00 |
| 10. Adjustment to unified credit | 0.00 | 0.00 |
| 11. Subtract the amount on line 10 from the amount on line 9 | 202,050.00 | 202,050.00 |
| 12. Subtract the amount on line 11 from the amount on line 8 (not less than zero) | 835,861.77 | 1,042,453.18 |
| 13. Credit for State death taxes   174,312.98 Tentatively allowed    Submit evidence by (date) | 140,628.19 | 174,312.98 |
| 14. Subtract the amount on line 13 from the amount on line 12 | 695,233.58 | 868,140.20 |
| 15. Credit for Federal gift taxes on pre-1977 gifts | 0.00 | 0.00 |
| 16. Credit for foreign death taxes (Statutory) | 0.00 | 0.00 |
| 17. Credit for tax on prior transfers | 0.00 | 28,452.19 |
| 18. Credit for foreign death taxes (Special Treaty) | 0.00 | 0.00 |
| 19. Total Credits (add the amounts on lines 15, 16, 17, and 18) | 0.00 | 28,452.19 |
| 20. Net estate tax payable | 695,233.58 | 839,688.01 |
| 21. Generation-skipping transfer taxes (Schedule R, Part 2, line 12) | 0.00 | 0.00 |
| 22. Section 4980A - increased estate taxes (Schedule S) | 0.00 | 0.00 |
| 23. Total transfer taxes (add the amounts on lines 20, 21 and 22) | 695,233.58 | 839,688.01 |
| 24. Total transfer tax previously assessed | | 695,233.58 |
| 25. Total transfer tax - Increase <decrease> (difference between line 23 and line 24) | | 144,454.43 |
| 26. Penalty previously assessed | | 0.00 |
| 27. Penalties as corrected | | 0.00 |
| 28. Net penalties - Increase <decrease> (difference between line 26 and line 27) | | 0.00 |
| 29. Net tax and penalties payable - Increase <decrease> (add line 25 and line 28) | | 144,454.43 |

| Examiner's Signature | Territory & State | Date |
|---|---|---|
| *Mertie L. Mills* Mertie L. Mills | Delaware-Maryland | 6/27/2005 |

Page 1

| Form 3228 | Department of the Treasury - Internal Revenue Service | Schedule |
|---|---|---|
| (Rev. Oct. 1980) (CG) | **Adjustments to Taxable Estate** | |

| Estate of | Social Security Number | Date of Death |
|---|---|---|
| Walter S. Bandurski | 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 | 8/26/1998 |

| | | | |
|---|---|---|---|
| 1. Gross estate reported on return | | | 2,868,366.10 |
| 2. Increase <decrease> to gross estate | | | |
| A | Real Estate | 12,132.61 | |
| E | All Other Joint Interests | 103,610.80 | |
| F | Other Miscellaneous Property | 318,773.00 | |
| G | Transfers During Life | 87,303.06 | |
| | | | |
| | | | |
| | | | |
| | | | |
| 3. Net changes to gross estate | | | 521,819.47 |
| 4. Corrected gross estate (line 1 & line 3) | | | 3,390,185.57 |
| 5. Total deductions reported on return | | 345,513.71 | |
| 6. Increase <decrease> to deductions | | | |
| J | Funeral & Administration Ex. | 78,837.31 | |
| K | Debts of Decedent | 53,187.05 | |
| | | | |
| | | | |
| | | | |
| 7. Net changes to deductions | | 132,024.36 | |
| 8. Corrected total deductions (line 5 + line 7) | | | 477,538.07 |
| 9. Corrected taxable estate (line 4 less line 8) | | | 2,912,647.50 |

Form 3228 (Rev. 10-80)(CG)

PAGE 2

| Form **886-A**<br>(Rev. April 1968) (CG) | **EXPLANATION OF ITEMS** | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>Estate of Walter S. Bandurski | | YEAR/PERIOD ENDED<br>8/26/1998 |

|  | Returned | Corrected |
|---|---|---|
| **Sch. A, Real Estate** | 86,367.39 | 98,500.00 |
| Item 1 - 207 Taft Avenue | ---------------- | ---------------- |
| Total of these items | 86,367.39 | 98,500.00 |
|  |  | 86,367.39 |
|  |  | ---------------- |
| Increase to schedule |  | 12,132.61 |
|  |  | ================ |

Item 1.  Real property known as 207 Taft Avenue, Lancaster Village, Wilmington, DE has been adjusted to its fair market value as of the valuation date based upon a sale of the property in an arm's-length transaction within a reasonable time of the valuation date.  Section 20.2031-1(b) of the Federal Estate Tax Regulations.

|  | Returned | Corrected |
|---|---|---|
| **Sch. E, All Other Joint Interests** | 142,889.20 | 161,000.00 |
| Item 1A - 25 Cannon Run Drive, Newark, DE | 26,200.00 | 28,400.00 |
| Item 2A - 517 Centre Avenue, Roanoke, VA | 5,200.00 | 5,900.00 |
| Item 3A - 515 Centre Avenue, Roanoke, VA | 2,600.00 | 2,900.00 |
| Item 4A - Centre Avenue NW, Roanoke, VA | 57,500.00 | 60,300.00 |
| Item 5A - 11.17 acres, Roanoke, VA | 79,500.00 | 159,000.00 |
| Item 7C - 2630 Marsh Road, Wilmington, DE | ---------------- | ---------------- |
| Total of these items | 313,889.20 | 417,500.00 |
|  |  | 313,889.20 |
|  |  | ---------------- |
| Increase to schedule |  | 103,610.80 |
|  |  | ================ |

Item 1A has been adjusted to its fair market value as of the valuation date based upon a sale of the property in an arm's-length transaction within a reasonable time of the valuation date.  Section 20.2031-1(b) of the Federal Estate Tax Regulations.

Items 2A through 5A are increased to fair market value on the valuation date.  Returned value based on the assessed values and values are increased per inspection of county real estate tax bills.

Item 7C is increased because estate only included a 50% interest; and at date of death, decedent held a 100% interest.  Inspection of Deed verifies decedent and predeceased divorced spouse held the property as joint tenants with right of survivorship.  Fair market value is the appraised value as of date of death.

| Form 886-A <br> (Rev. April 1968) (CG) <br> NAME OF TAXPAYER | EXPLANATION OF ITEMS | SCHEDULE NO. OR EXHIBIT |
|---|---|---|
| | | YEAR/PERIOD ENDED <br> 8/26/1998 |

NAME OF TAXPAYER
Estate of Walter S. Bandurski

|  | Returned | Corrected |
|---|---|---|
| **Sch. F, Other Miscellaneous Property** <br> Item 9 - Class Action Recovery | 0.00 | 318,773.00 |
| | ----------------- | ----------------- |
| Total of these items | 0.00 | 318,773.00 <br> 0.00 |
| | | ----------------- |
| Increase to schedule | | 318,773.00 <br> ================= |

Item 9 is the proceeds received from a class action claim that was
not included on the 706.  Decedent was a member of a class action
claim filed against Delaware Solid Waste Authority on May 21, 1998.
The claim resulted in a settlement of the class action January 2000.
The sum of $900,000 was distributed to Walter S. Bandurski, Inc.  The
amount paid in respect of the decedent was $363,600.

May 21, 1998, a class action complaint was filed by Sylvester
Jennifer T/A Vernon's Home Improvements, on behalf of itself and all
other similarly situated against Delaware Solid Waste Authority
seeking declaratory and monetary relief to redress the harm resulting
from enforcement of an unambiguously protectionist and facially
unconstitutional regulation promulgated by the Delaware Solid Waste
Authority that prohibits out-of-State disposal of solid waste
generated within the State of Delaware at solid waste facilities, not
operated by, on behalf of, or under contract with DSWA.  The action
brought for injunctive relief and to recover damages for injuries
suffered due to the deprivation of plaintiff's rights, privileges or
immunities as secured by the United States Constitution.  Complaint
in Paragraph 10 states the plaintiff brings this action on its own
behalf and on behalf of all members of a Class consisting of all
persons in the State of Delaware who delivered and transported solid
waste generated within the State for disposal at solid waste facilities
operated by, on behalf of, or under contract with DSWA and paid
tipping fees to DSWA during the period May 21, 1995 until the
restrictions imposed by DSWA are abrogated.  Complaint states
plaintiff does not know the exact size of the Class since such
information is in the hands of the defendant.

Complaint states tipping fees at DSWA were recently reported to be
around $58.50/ton and that out-of-state facilities had the capacity
to accept for disposal solid waste generated within Delaware for
tipping fees considerably lower than those charged by DSWA
Facilities.  Complaint states there is no valid State health, safety
or welfare purpose for DSWA Regulation that prohibits out-of-State
disposal of solid waste generated within the State at out-of-State
non-DSWA Facilities.  Complaint states DSWA has intentionally and
unconstitutionally interfered with interstate commerce by eliminating
competition in the solid waste disposal market.

Attorney David Staats, who filed the class action complaint, states
in his October 17, 2000, letter that "Walter S. Bandurski, Inc., was
not a named plaintiff in the Complaint filed May 22, 1998, but was a
member of the class."  Mr. Statts further states in his letter that
he did not speak with any representative of Walter S. Bandurski, Inc.,
until after the first complaint was filed.  Mr. Staats in his October

| Form **886-A** | **EXPLANATION OF ITEMS** | SCHEDULE NO. OR EXHIBIT |
|---|---|---|
| (Rev. April 1968) (CG) | | |
| NAME OF TAXPAYER | | YEAR/PERIOD ENDED |
| Estate of Walter S. Bandurski | | 8/26/1998 |

**Sch. F, Other Miscellaneous Property (Continued)**

17, 2000, letter states that a "retainer agreement was signed by a representative of Walter S. Bandurski, Inc. on September 28, 1998." October 2, 1998, Walter S. Bandurski, Inc., joined the second class action. The Federal Estate Tax was filed November 26, 1999. Mr. Staats in his December 6, 2000, letter states that the "fair market value of an asset does not depend on whether the owner of the asset is aware that he owns it."

Representative's letter of December 13, 2000, states the claim was unknown to the decedent at the time of his death. The ownership of that inchoate claim was effectively distributed to the stockholders by Walter S. Bandurski, Inc. when Walter S. Bandurski, Inc. was liquidated and dissolved. The claim was effectively included in the transfer to the decedent's revocable grantor trust upon the transfer of his distribution rights to that trust.

For purposes of Federal estate taxes, the value of a gross estate is determined by including the value, as of the date of death, of a decedent's interest in all property. Internal Revenue Code Sections 2031(a), 2033. The value of property included in the gross estate is the fair market value of the property on the date of death, defined as "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." Section 20.2031-1(b), Estate Tax Regs.; United States v. Cartwright, 411 U.S. 546, 551 (1973); Estate of Watts v. Commissioner, 823 F.2d483, 485 (11th Cir. 1987_, affg. T.C. Memo. 1985-595. The willing buyer and willing seller who are considered in the determination of fair market value are hypothetical, objective participants in a hypothetical sale of the property. Estate of Watt v. Commissioner, supra at 486. Valuation is to be based on facts reasonably known at the date of valuation. Subsequent events are not considered in fixing fair market value except to the extent that they were reasonably foreseeable on the date of valuation. Estate of Gilford v. Commissioner, 88 T.C. 38, 52 (1987).

Section 2033 provides that the value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death. Treas. Reg. section 20.2033-1(b) provides "claims held by the decedent are .... included" as part of the decedent's gross estate. As used in such sections, the term "property" encompasses all choses in action, and the fact that the decedent's claim was contingent does not preclude the inclusion of such claim in his gross estate. United States v. Simmons, 346 F.2d 213 (5th Cir. 1965); Bank of California v. Comr., 133 F.2d 428 (9th Cir. 1943), affg. in part and revg. in part Estate of Barneson v. Comr., a Memorandum Opinon of this Court dated May 27, 1941; Estate of Curry v. Comr., 74 T.C. 540 (1980); Glover Est. v. Comr., T.C. Memo 2002-186; Cobb v. Commissioner, T.C. Memo 1985-208; Estate of Aldrich v. Comr., T.C. Memo 1983-543; Estate of Biagioni v. Comr., T.C. Memo 1981-660; and Duffield v. U.S., 136 F.Supp. 944 (E.D. Pa. The contingent nature of a claim bears on the question of the value of the claim, not on its includability in a decedent's gross estate. Estate of Curry v. Comr., supra at 546.

| Form 886-A<br>(Rev. April 1968)(CG) | EXPLANATION OF ITEMS | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>  Estate of Walter S. Bandurski | | YEAR/PERIOD ENDED<br>8/26/1998 |

**Sch. F, Other Miscellaneous Property (Continued)**

In Estate of Jeanne M. Houston v. Commissioner, 44 T.C.M. 284 (1982), the Court found that the decedent's interest in a wrongful death action that was contingent upon future recovery by her deceased spouse's estate did not preclude inclusion of the wrongful death action in her gross estate.  Decedent's previously deceased spouse died in 1972 as a result of being struck by an automobile while in Michigan.  Decedent died March 17,1974, and her executor on December 16, 1974, filed suit for her deceased spouse's wrongful death. Action was settled prior to trial and proceeds were distributed to deceased spouse's surviving children.  Estate did not include any amount in the estate tax return representing the value of the decedent's interest in the wrongful death claim arising out of husband's death.  The court noted that "her rights of action accrued at the time of her husband's death and continued in existence, through her estate, beyond her own death some 14 months later."

The decedent's cause of action accrued prior to his death; and under Section 2031, 2033 and Estate Tax Regs. section 20.2033-1, the gross estate shall include the date of death value of all property, whether real or personal, tangible or intangible, beneficially owned by the decedent.  This includes the date of death values of all existing claims and choses in action of the decedent that pass to the estate, notwithstanding that they may be contingent and/or uncertain as to amount.  Estate of Curry v. Commissioner, 74 T.C. 540 (1980). The decedent at the time of his death did have a claim against Delaware Solid Waste Authority which should have been reported on the decedent's Federal Estate Tax Return.  The Tax Court has said that ignorance of an asset at date of death does not determine that the asset is valueless or should not be included as an asset of the estate:

> Even if the executors were totally ignorant of the claim, we do not agree that it would for that reason be without value.  An estate may possess many assets, tangible and intangible, of which the deceased's representative or even the deceased himself may be unaware, and which may not become apparent until the lapse of a substantial period of time after death.  Such property is for that reason no less an asset of the estate, nor can it necessarily be said to be valueless at the date of death.  This is particularly true where, as here, the asset is one which by its nature is discoverable in the ordinary course of administration of the estate.  Estate of I. W.  Baldwin, 1959, P-H. T.C. Memo P59, 203.

In this case, the decedent's company was included in the class action before the Federal Estate Tax Return was filed and should have been disclosed on the Return.  "(I)gnorance of the value of an asset at the time of a decedent's death does not justify treating the asset as valueless, any more than ignorance of the existence of an asset, discovered after the date of death, justifies exclusion of the asset from the decedent's gross estate."  Simmons at 217.

The fact that the settlement of the lawsuit resulted in a payment of $900,000 to Walter S. Bandurski, Inc., is highly indicative of the fact that the claim had value at the time of decedent's death.

| Form 886-A<br>(Rev. April 1968) (CG) | EXPLANATION OF ITEMS | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>Estate of Walter S. Bandurski | | YEAR/PERIOD ENDED<br>8/26/1998 |

**Sch. F, Other Miscellaneous Property (Continued)**

The cases hold that unsettled litigation is an asset of the estate and is to be included in the gross estate at its estimated fair market value at date of death, notwithstanding that it may be contingent and/or uncertain as to amount.

To determine the proper valuation, all the facts and circumstances surrounding the claim must be examined. Since the value of the claim was not fixed as of date of death, subsequent events may be used as evidence of value. Estate of Curry v. Commissioner, supra. The court in the Houston case found the fair market value of the claim was $75,000. The claim was settled for $132,500 with net proceeds of $48,133.31. The court stated "(W)hile it may seem anomalous that the amount to be included in the gross estate exceeds the actual net recovery from the wrongful death action, the latter is not controlling in the determination of date of death value." Id. at 288.

In Estate of Davis v. Commissioner, 65 T.C.M. 2365 (1993), the Tax Court addressed the issue of how to value a cause of action which remained unsettled at the decedent's death. In Davis, the decedent initiated a lawsuit against Merrill Lynch for churning her account. The Court stated that subsequent events are not considered in fixing fair market value, except to the extent that they were reasonably foreseeable at the date of valuation. The court began with the amount of the claim as if there were no contest and then discounted the claim for 1) costs of litigation, 2) hazards of litigation, and 3) time delay in receiving the funds. The court used only a limited discount for the hazards of litigation because of the relative ease of proving the churning would result only in negligible risks or hazards of success in litigating.

The subject case is similar for the facts show that Delaware Solid Waste Authority was guilty of charging exorbitant and uncompetitive tipping fees and restricted the free flow of commerce amongst the States. Further evidence of the fact that the plaintiffs had a good case is the fact that the case was settled prior to trial with a payment of $900,000 to Walter S. Bandurski, Inc. Costs of litigation are included in the settlement. The only reduction that should be made to the settlement proceeds is the time delay in receiving the funds.

The representative of the estate is relying primarily on a line of cases that conclude that postdeath events may not be used in evaluating claims or deductions against an estate, Ithaca Trust Co. v. United States, 279 U.S. 151 (1929); Ballantine v. Tomlinson, 293 F.2d 311 (5th Cir., 1961); Propstra v. United States 680 F.2d 1248 (9th Cir., 1982); and Estate of Evelyn M. McMorris v. Commissioner, 243 F.3d 1254 (10th Cir., 2001). Section 2053 simply provides that such claims are deductible in determining the taxable estate if they are legally enforceable, i.e., are as allowable by the laws of the jurisdiction, whether within or without the United States, in which the estate is being administered. Treasury regulation section 20.2053-4 states the amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death, whether or not then matured, and interest thereon which had accrued at the time of death. The Court of Appeals has acknowledged that the "law is clear

| Form 886-A<br>(Rev. April 1968) (CG) | EXPLANATION OF ITEMS | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>Estate of Walter S. Bandurski | | YEAR/PERIOD ENDED<br>8/26/1998 |

**Sch. F, Other Miscellaneous Property (Continued)**

that post-death events are relevant when computing the deduction to be taken for disputed or contingent claims." Propstra v. United States, supra at 1253.   The court held that section 2053 precludes the consideration of post-death events in computing the value of certain and enforceable claims against an estate.  This line of cases is not applicable when valuing assets of the estate.

Unsettled litigation which is an asset of the estate is included in the gross estate at its estimated fair market value at date of death, notwithstanding that it may be contingent and/or uncertain as to amount.  See IRC sections 2032 and 2033.  In contrast see Reg. Section 20.2053-1(b)(3) which disallows a deduction from the estate that is taken upon the basis of a vague or uncertain estimate.  The date-of-death valuation rule applies to a deduction for a claim against the estate under IRC section 2053-1(a)(3).  As a a result, events which occur after the decedent's death may not be considered in valuing that deduction.  The cases hold that in valuing assets of a decedent, subsequent events can be used to determine fair market value particularly when valuing the fair market value of a pending lawsuit as of date of death.

Estate is relying on Welch v. Commissioner, 6th Cir. No. 98-2007, March 2, 2000, in which the court held that potential built-in capital gains tax liability should be considered in valuing an asset. This tax in reality may never be paid; therefore, it is an estimate and not a certain event.  The estate also relied on First National Bank of Kenosha v. United States, 763 R.2d 891 (7th Cir., 1985) in which the court allowed  evidence of actual sales prices received 21 months after the date of death so long as the sale occurred within a reasonable time after death and no intervening events drastically changed the value of the property.  Settlement of the subject claim within 20 months of the filing of the lawsuit is certainly a reasonable length of time.  There were no intervening events that drastically changed the value of the asset.  The lawsuit is not a subsequent event but was ongoing at date of death.  It was not beyond the contemplation of the parties on the relevant valuation date.

Estate is also relying on Estate of Mary B. Bull v. Commissioner, T.C. Memo 2001-92 (April 13, 2001).   The Bull case can be distinguished based on the fact that at date of death the estate had no right to insurance reimbursement and no obligation to pay to complete the decedent's residence which was destroyed by fire and was being restored at the time of her death. The court stated that the situation is unlike the situation "where a contingent legal fee was includable in an estate based on the rationale that it had been earned and a claim existed at the time of death."  In the subject case, the claim existed at date of death and is includible in the decedent's estate at its fair market value.

The estate has not presented any evidence as to the fair market value of the class action claim as of date of death of the decedent.  The class action claim is included at the present value based on a 6.800% rate which is the applicable federal rate for August 1998, see Revenue Ruling 98-36.  The present value for proceeds of $363,600 received 17 months after date of death is $318,773.

| Form **886-A**<br>(Rev. April 1968) (CG) | **EXPLANATION OF ITEMS** | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>Estate of Walter S. Bandurski | | YEAR/PERIOD ENDED<br>8/26/1998 |

**Sch. F, Other Miscellaneous Property (Continued)**

|  | Returned | Corrected |
|---|---|---|
| **Sch. G, Transfers During Life** | | |
| Item 1 - 37814 shares Waste Management | 1,849,482.74 | 1,936,785.80 |
| | ---------------- | ---------------- |
| Total of these items | 1,849,482.74 | 1,936,785.80 |
| | | 1,849,482.74 |
| | | ---------------- |
| Increase to schedule | | 87,303.06 |
| | | ================ |

Item 1.  Item is adjusted to the mean between the highest
and lowest quoted selling prices on the valuation date.  Section
20.2031-2 of the Federal Estate Tax Regulations.

|  | Returned | Corrected |
|---|---|---|
| **Sch. J, Funeral & Administration Ex.** | | |
| B.2 - Attorney fees | 30,000.00 | 64,614.00 |
| B.3 - Accountant fees | 12,500.00 | 18,000.00 |
| B.10 - Furniture Moving Expenses | 0.00 | 1,864.93 |
| B.11 - Interest on the Deficiency | 0.00 | 30,642.22 |
| B.12 - Environmental Valuation | 0.00 | 6,216.16 |
| | ---------------- | ---------------- |
| Total of these items | 42,500.00 | 121,337.31 |
| | | 42,500.00 |
| | | ---------------- |
| Increase to schedule | | 78,837.31 |
| | | ================ |

Deductions for expenses incurred in the administration of the
decedent's estate have been adjusted to reflect the amounts allowable
under Code section 2053.

An adjustment has been provided to allow a deduction for Federal
interest computed to be due and owing on the Estate tax
deficiency, pursuant to the provisions of Revenue Ruling 79-252,
1979-2 C.B. 333.

This deduction is only allowable in AGREED issue cases.
Refer to the detailed interrelated computation (attached as an Exhibit).

---

| Form 886-A<br>(Rev. April 1968) (CG) | EXPLANATION OF ITEMS | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|

NAME OF TAXPAYER
**Estate of Walter S. Bandurski**

YEAR/PERIOD ENDED
8/26/1998

| | Returned | Corrected |
|---|---|---|
| **Sch. K, Debts of Decedent** | | |
| Item 31 - CoreStates Bank | 25,126.43 | 24,770.15 |
| Item 33 - Mortgage on 207 Taft Avenue | 0.00 | 36,743.33 |
| Item 34 - WSB Corp. Income Taxes | 0.00 | 16,800.00 |
| | ----------------- | ----------------- |
| Total of these items | 25,126.43 | 78,313.48 |
| | | 25,126.43 |
| | | ----------------- |
| Increase to schedule | | 53,187.05 |
| | | ================= |

Deductions for claims against the decedent's estate, the decedent's
unpaid debts, mortgages and/or liens have been adjusted to reflect
amounts allowable under Code section 2053.

| | Returned | Corrected |
|---|---|---|
| **Sch. Q, Tax on Prior Transfer Credit** | 0.00 | 28,452.19 |
| | | 0.00 |
| | | ----------------- |
| Increase to schedule | | 28,452.19 |
| | | ================= |

**Credit for Tax on Prior Transfers -- Worksheet**
Credit for tax on Prior Transfers - Summary
Transferor A: Barbara A. Bandurski    DD:  8/ 7/1998
Transferor B:    DD:
Transferor C:    DD:

| | A | B | C |
|---|---|---|---|
| 1. Transferee's tax | 35,139.00 | 0.00 | 0.00 |
| 2. Transferor's tax | 28,452.19 | 0.00 | 0.00 |
| 3. Max before Percent | 28,452.19 | 0.00 | 0.00 |
| 4. Percentage Allowed | 100% | 0% | 0% |
| 5. Credit Allowable | 28,452.19 | 0.00 | 0.00 |

6. TOTAL CREDIT ALLOWABLE    28,452.19

| Form 886-A<br>(Rev. April 1968) (CG) | EXPLANATION OF ITEMS | SCHEDULE NO. OR<br>EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>Estate of Walter S. Bandurski | | YEAR/PERIOD ENDED<br>8/26/1998 |

**Sch. Q, Tax on Prior Transfer Credit (Continued)**
**PART I, TRANSFEROR'S TAX ON PRIOR TRANSFERS**

|  | A | B | C |
|---|---|---|---|
| 1. Gross value - transfer | 79,500.00 | 0.00 | 0.00 |
| 2. Death taxes payable | 0.00 | 0.00 | 0.00 |
| 3. Encumbrances allocable | 0.00 | 0.00 | 0.00 |
| 4. Obligations allocable | 0.00 | 0.00 | 0.00 |
| 5. MD applicable | 0.00 | 0.00 | 0.00 |
| 6. Total Reductions | 0.00 | 0.00 | 0.00 |
| 7. Net Value of Transfer | 79,500.00 | 0.00 | 0.00 |
| 8. Net Value of All Transfers | | | 79,500.00 |
|  |  |  |  |
| 9. Transferor's taxable est | 2,126,166.49 | 0.00 | 0.00 |
| 10. Federal estate tax paid | 531,678.26 | 0.00 | 0.00 |
| 11. State death tax paid | 108,893.32 | 0.00 | 0.00 |
| 12. Foreign death tax paid | 0.00 | 0.00 | 0.00 |
| 13. Other death tax paid | 0.00 | 0.00 | 0.00 |
| 14. Total Reductions | 640,571.58 | 0.00 | 0.00 |
| 15. Value, transferor's est | 1,485,594.91 | 0.00 | 0.00 |
|  |  |  |  |
| 16. Net federal estate tax | 531,678.26 | 0.00 | 0.00 |
| 17. Credit, gift tax paid | 0.00 | 0.00 | 0.00 |
| 18. Transferor's TPT credit | 0.00 | 0.00 | 0.00 |
| 19. Tax on transferor's est | 531,678.26 | 0.00 | 0.00 |
| 20. Transferor tax-transfer | 28,452.19 | 0.00 | 0.00 |

**PART II, TRANSFEREE'S TAX ON PRIOR TRANSFERS**

| | | |
|---|---|---|
| 21. Tax before TPT Credit | | 868,140.20 |
| 22. Transferee's Gross Estate | | 3,390,185.57 |
| 23. Net Value of All Transfers | | 79,500.00 |
| 24. Transferee's reduced gross estate | | 3,310,685.57 |
| 25. Total debts & deductions (exc. MD CD & QFOBI) | 477,538.07 | |
| 26. Marital & QFOBI Deductions | 0.00 | |
| 27. Charitable Bequests | 0.00 | |
| 28. Charitable Deduction Proportion | 0.00 | |
| 29. Reduced Charitable Deduction | 0.00 | |
| 30. Transferee's deductions as adjusted | | 477,538.07 |
| 31. (a) Transferee's reduced taxable estate | | 2,833,147.50 |
|     (b) Adjusted taxable gifts | | 0.00 |
|     (c) Total reduced taxable estate | | 2,833,147.50 |
| 32. Tentative tax on reduced taxable estate | | 1,202,368.18 |
| 33. (a) post 1976 gift taxes paid | 0.00 | |
|     (b) unified credit | 202,050.00 | |
|     (c) section 2011 State death tax credit | 167,316.98 | |
|     (d) section 2012 gift tax credit | 0.00 | |
|     (e) section 2014 foreign death tax credit | 0.00 | |
|     (f) Total credits | | 369,366.98 |
| 34. Net Tax on Reduced Taxable Estate | | 833,001.20 |
| 35. Transferee's Tax on Prior Transfers | | 35,139.00 |

# EXHIBIT "5"

**Internal Revenue Service**

**Department of the Treasury**
Internal Revenue Service
Estate & Gift Tax Group 1704
409 Silverside Road, Room 101
Wilmington, DE  19809

Date: September 14, 2000

Person to Contact: Mertie L. Mills
*Badge No. 51-00246*

Telephone Number: (302)791-4542
*Ext. 239*

James P. Dalle Pazze, Esquire
Herdeg, Du Pont & Dalle Pazze, LLP
One Commerce Center, Suite 500
1201 Orange Street
Wilmington, DE  19801-1140

Fax Number: (302)791-4546

Refer Reply To:  E:1704:MLM

Re:  Estate of Walter S. Bandurski

Dear Mr. Dalle Pazze:

The Federal estate tax return (Form 706) indicated above has been assigned to me for examination.  Within the next couple of weeks, would you please mail the following records to me:

(1)  Copies of the decedent's Federal income tax returns (Form 1040) for the year of the decedent's death and the two preceding years, together with any examination reports thereto;

(2)  Copies of all Federal fiduciary income tax returns (Form 1041), including Schedules K-1, filed by the estate (and trust(s), if any);

(3)  A schedule showing all transfers greater than $2,500. (per donee) made by the decedent for less than an adequate and full consideration since September 8, 1976;

(4)  Real Estate:  Schedule E, items 2A-6B:
a. A statement of the basis of your valuation; if based on an appraisal, please supply a complete copy;
b. Please supply a copy of any other appraisals regarding the subject which may have been made within three years of death, either before or after;
c. If rented or leased, a statement of rental income and carrying charges for the years 1993 through 1998;
d. If leased, a copy of the contract;
e. A detailed explanation of any property sales or attempts to sell before or after the valuation date; include copies of all listing agreements, contracts of sale, and closing statements;
f. Copies of deeds for purchase of the real estate by the decedent;

(5)  Closely Held Corporation:  Schedule G, Item 2:
a. Financial data for the years 1993 through 1996, including:
   1. Balance sheets;
   2. Profit & loss statements;
   3. Statement of dividends paid;
   4. Statement of officer's salaries;
b. Federal income tax returns for years 1993 through 1996;
c. List of assets and cost of each asset;

James P. Dalle Pazze, Esquire, September 14, 2000        Page 2

   (6)   Partnership:  Schedule F, Item 8;

a. Verification that receiveable from Arrow Disposal Company is of no
   value, i.e. federal income tax returns for years 1993 through 1998 or
   final federal income tax return if liquidated prior to 1993 and list of
   stockholders and explanation as to how each one acquired his
   interest;

b. Best estimate available of cost to cleanup any hazardous substances
   located on the property;

   (7)   Date of death statements for items 1 though 6 on Schedule I;

   (8)   Copies of 712's for items 1 thorugh 3 on Schedule D;

   (9)   Verification for distributions from Walter S. Bandurski, Inc.,
reported on Schedule F, item 7;

   (10)   A copy of the estate inventory and accounting as filed
with the probate court. If there has been no formal estate accounting,
please supply a copy of your informal estate accounting, showing
receipts and disbursements;

   (11)   Schedule E, item 7C, real estate held with deceased spouse,
please provide copy of deed and complete copy of the agreement dated
May 1, 1989, between decedent and Barbara A. Bandurski, referred to in
the Answer, item 5.(A) and Petition, item 5.A., filed with United
States Tax Court;

   (12)   Verification for item 1 on Schedule K, debt of $73,000 to
Michael J. Bandurski;

   (13)   Amortization schedule for Item 30 on Schedule K;

   (14)   Date of death statement for item 31 on Schedule K.

In your cover letter returning the above, would you please also
state:

   (A)   Whether any assets shown on the estate tax return have been
sold, or the subject of a sales or purchase offer within three years
of the date of this letter (and if so, please state the date, price
and terms);

   (B)   Whether you or your client have had an appraisal made (other
than those attached to the Form 706 when originally filed, if any)
within three years of the date of this letter of any asset included in
the decedent's gross estate (and if so, please attach copies);

   (C)   Whether any additional deductions or assets have come to your
attention since the filing of this return;

   (D)   Whether any "amended" estate tax return(s) have been filed.

After reviewing the above information, I will contact you to schedule
a meeting to discuss the case. At our meeting, please have the
following records available for my inspection:

   (i)   Cancelled checks, check ledgers and bank statements for the
year of death and the preceding year for all bank accounts over which
the decedent had signatory authority (either individually or
jointly);

James P. Dalle Pazze, Esquire, September 14, 2000          Page 3

(ii)  The estate's financial records, including bank statements.


If you have any questions in this matter, please feel free to call me at the number shown above.  Thank you for your cooperation.

Sincerely yours,

*Mertie L. Mills*

Mertie L. Mills
Attorney (Estate Tax)

Encl: Publications 1, 5, and 609